No. 2-09-0852        Filed:  6-25-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| CLARENCE DOMINGO, | ) | Appeal from the Circuit Court |
| | ) | of Du Page County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 07--L--913 |
| | ) | |
| VITO GUARINO, | ) | |
| | ) | |
| Defendant-Appellant | ) | Honorable |
| | ) | Hollis L. Webster, |
| (Mario Columbia, Defendant). | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

In 2002, plaintiff, Clarence Domingo, entered into a written contract to purchase a home that would be built by defendant, Vito Guarino. Based on plaintiff's dissatisfaction with defendant's construction of the home, plaintiff filed suit. After a series of pleadings, plaintiff voluntarily dismissed his suit and later filed a virtually identical complaint. Defendant failed to respond to this refiled complaint. The court then entered a default judgment against defendant on July 29, 2008, which defendant petitioned to vacate under section 2--1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2--1401 (West 2008)). The trial court denied defendant's petition to vacate, and defendant appeals. We affirm.

The July 29, 2008, default judgment awarded plaintiff $158,215 on count I for breach of contract and $50,000 in punitive damages on count II for consumer fraud. On August 28, 2008,

defendant moved to vacate the July 29, 2008, judgment.[1] Defendant maintained that he first received notice of the refiled case when he received a copy of the July 29, 2008, order on August 4, 2008. As a result, he retained attorney Sam Amirante and requested leave to vacate the judgment. Attached to the motion was defendant's affidavit, in which he averred that he had sent a copy of the July 29, 2008, judgment to his attorney at the time (Michele Rocawich); that she was traveling abroad and unable to defend him; and that upon learning this, he retained attorney Amirante to defend him. The court denied defendant's section 2--1301 motion to vacate on December 10, 2008.

On May 21, 2009, defendant, now represented by attorney Rocawich, filed a section 2--1401 petition to vacate the July 29, 2008, default judgment. In support of his petition, defendant attached numerous exhibits and stated as follows. Plaintiff filed his original two-count complaint on October 29, 2003. Count I alleged breach of contract and count II alleged consumer fraud. After filing a first amended complaint on February 25, 2004, plaintiff filed a second amended complaint on June 30, 2004, that added a third count alleging fraudulent misrepresentation. Defendant moved to dismiss counts II and III with prejudice under the theory that the factual allegations did not support a cause of action for fraud but merely a cause of action for breach of contract. (When these complaints were filed, it appears that defendant and his codefendant, Mario Columbia, were both represented by attorney Patrick Loftus). The trial court granted defendant's motion to dismiss counts II and III on November 4, 2004. (The order did not specify whether counts II and III were dismissed with or without prejudice, but the parties agree that it was without prejudice.)

---

[1]Though the motion does not reference section 2--1301 of the Code (735 ILCS 5/2--1301 (West 2008)), both parties treat it as a motion under that provision of the Code.

Defendant's section 2--1401 petition went on to state that plaintiff's counsel subsequently withdrew and that plaintiff's new attorney filed a third amended complaint on January 27, 2005. The third amended complaint again alleged breach of contract (count I) and two counts based on fraud (counts II and III). On March 17, 2005, defendant responded with another motion to dismiss the fraud claims (counts II and III) pursuant to section 2--619.1 of the Code (735 ILCS 5/2--619.1 (West 2004)). In his motion to dismiss, defendant pointed out that he had filed an answer to count I and that the court had previously granted his motion to dismiss counts II and III of the second amended complaint, in part because the facts alleged by plaintiff were more akin to a breach-of-contract claim. Defendant maintained that plaintiff had not alleged any new facts that would support reversal of the court's previous order dismissing counts II and III, and he again requested the court to dismiss counts II and III with prejudice. According to defendant, on April 12, 2005, the court granted his motion to dismiss counts II and III "for 'failing to state a cause of action,' " because plaintiff, with knowledge of the defects in the construction of the residence, had closed on the property.[2]

In his section 2--1401 petition, defendant pointed out that on June 21, 2005, plaintiff filed a motion to reconsider the April 12, 2005, ruling. In this motion to reconsider, plaintiff stated that "[o]n April 12, 2005, this court granted" defendant's motion to dismiss counts II and III. Plaintiff further stated that the "court's ruling, although not entirely clear *** appears to be that Counts II and III fail to state a cause of action," since plaintiff, "with knowledge of defects in the construction of the residence, had closed on the property." Plaintiff argued that the court had misapprehended the facts and the law. In the alternative, plaintiff argued that there was no authority for the court's April

---

[2]The April 12, 2005, order does not appear in the record. Regardless, defendant admits that the April 12, 2005, order dismissed counts II and III without prejudice.

12, 2005, ruling, and he requested that the court identify a question of law for interlocutory appeal under Supreme Court Rule 308 (155 Ill. 2d R. 308). On June 21, 2005, the court denied plaintiff's motion to reconsider the April 12, 2005, ruling, and it denied his request for a Rule 308 finding. Defendant was given time to file an answer to count I of plaintiff's third amended complaint.

Defendant's section 2--1401 petition further stated that, "left with only a breach of contract claim," plaintiff then filed a motion for voluntary dismissal on May 8, 2006, which the court granted on May 17, 2006. The May 17, 2006, order stated that "this matter is voluntarily dismissed without prejudice."

Based on the above, defendant argued that for three years, he "vigorously, timely and successfully defended" against plaintiff's claims, which the court "repeatedly dismissed." However, on July 18, 2006, in an effort to forum shop, plaintiff refiled in Cook County the third amended complaint, including the dismissed counts II and III, as a "new complaint." The record shows that codefendant Columbia moved to transfer the case back to Du Page County, based on improper venue. The Cook County circuit court granted this motion, and the matter was transferred back to Du Page County. Upon transfer, however, the case was not assigned to the original trial court judge, Judge John Elsner, but was assigned to Judge Hollis Webster. According to defendant, plaintiff failed to notify the court that his complaint was the same third amended complaint in which Judge Elsner had dismissed the two fraud counts.

In support of his section 2--1401 petition, defendant argued that on counts II and III he had a meritorious defense, which was the trial court's previous dismissal of plaintiff's fraud claims. With respect to count I, defendant argued that he presented a meritorious defense when he answered that claim on March 2, 2004. In order to demonstrate due diligence, defendant made the following

argument. For three years, attorney Loftus successfully defended him; in the instant matter, plaintiff did not serve attorney Loftus but, rather, served defendant personally; unbeknownst to defendant, attorney Loftus was being investigated for misconduct; sometime in 2007, attorney Loftus left Chicago for Arizona; and attorney Loftus was disbarred in May 2008. Defendant maintained that he did not appear in court regarding the instant matter because he believed that attorney Loftus was representing him. When defendant subsequently learned that a default judgment had been entered against him, he contacted another attorney who, he learned, was traveling abroad (attorney Rocawich), so he hired yet another attorney, Amirante. On August 28, 2008, attorney Amirante filed a timely section 2--1301 motion to vacate the July 29, 2008, default judgment. Attorney Amirante did not know the history of the case, however. Specifically, he did not know that plaintiff had refiled his third amended complaint and that the trial court had previously granted three motions to dismiss the two fraud counts. According to defendant, plaintiff disingenuously argued in his October 6, 2008, response that defendant's motion to vacate should be denied because defendant chose to ignore the proceedings against him and avoid appearing in court. As a result, plaintiff tried to "perpetrate a scam" on the court by refiling his third amended complaint, with two dismissed counts, as a "new complaint." Despite plaintiff's conduct, defendant argued, the court improperly denied defendant's motion to vacate, based on his failing to defend the matter.

Defendant concluded in his section 2--1401 petition that the July 29, 2008, default judgment improperly awarded punitive damages on count II, because that count had been dismissed years earlier and thus was not justiciable. Whereas the proper recourse for plaintiff was to appeal the April 12, 2005, order, defendant argued, plaintiff instead went forum shopping. Because counts II and III of the third amended complaint had previously been dismissed, defendant argued that the court

lacked subject matter jurisdiction over count II and that the only claim properly before the court was count I, which alleged breach of contract.

On June 18, 2009, plaintiff filed a response to defendant's section 2--1401 petition to vacate the default judgment. In his response, plaintiff argued that the court was aware of the "prior litigation," based on pleadings relating to codefendant Columbia. In particular, plaintiff argued, Judge Webster had denied codefendant Columbia's motion to reassign the case to Judge Elsner. In addition, plaintiff pointed out that Judge Webster had denied codefendant Columbia's motion to dismiss count II alleging consumer fraud but had granted his motion to dismiss count III alleging common-law fraud. The transcript of that hearing shows that Judge Webster was aware that, "long ago, Judge Elsner dismissed the consumer fraud and fraud counts."

Plaintiff further argued that defendant's belief that attorney Loftus was representing him in this refiled case was not reasonable. It appeared, according to plaintiff, that attorney Loftus had been representing both defendant and his codefendant in the 2003 litigation. Whereas codefendant Columbia knew to hire substitute counsel, defendant did not explain why he failed to do so. Plaintiff also argued that defendant failed to explain his lack of diligence in the instant case. As plaintiff pointed out, a default judgment was entered against defendant on July 29, 2008. Even though defendant filed within 30 days a section 2--1301 motion to vacate judgment, which the court denied on December 10, 2008, defendant then waited over five months (until May 21, 2009) to file his section 2--1401 petition. Finally, plaintiff argued that defendant failed to acknowledge several facts regarding his knowledge and notice of the pending case against him, such as having been served "via abode service" on January 26, 2007.

On July 27, 2009, defendant filed a reply supporting his section 2--1401 petition to vacate the default judgment. According to defendant, plaintiff repled count II in his refiled complaint despite the fact that Judge Elsner had dismissed that count on April 12, 2005. After the court repeatedly dismissed plaintiff's fraud claims, plaintiff voluntarily dismissed his complaint; went forum shopping to avoid the previous rulings of the court; and then refiled the previously dismissed claims. Defendant requested that the court vacate the default judgment; dismiss count II; and grant defendant leave to answer the breach-of-contract claim.

A hearing on defendant's section 2--1401 petition to vacate the default judgment was held on August 6, 2009. At the hearing, attorney Rocawich appeared on behalf of defendant and argued as follows. Since the case began in 2003, defendant was represented by attorney Loftus, who diligently defended the suit for 3½ years by filing eight motions and by winning three motions to dismiss. Once plaintiff realized that he would not be able to sustain any of the fraud counts, he voluntarily nonsuited the case, engaged in forum shopping, and then filed in Cook County essentially the same third amended complaint. After codefendant Columbia successfully had the venue changed back to Du Page County, plaintiff failed to inform the court that count II was identical to the count that had been dismissed by Judge Elsner. Attorney Rocawich stated that although count II was dismissed without prejudice, meaning plaintiff had the right to refile, plaintiff was not allowed to replead an identical claim, because doing so violated Supreme Court Rule 137 (155 Ill. 2d R. 137). In other words, plaintiff could not replead the identical count that defendant had already defended and then argue that defendant was not diligent for failing to appear. Attorney Rocawich further argued that the court did not have subject matter jurisdiction over count II and that defendant had thought that attorney Loftus was representing him.

The court then questioned defendant about his notice of the proceedings. Defendant admitted that he was served by abode service; that at first he ignored it because he thought that he "had won this many times"; that "after it started getting deeper and deeper" he called attorney Loftus; and that "that's when [he] found out [attorney Loftus] basically got disbarred and left." Defendant admitted that attorney Loftus had not been calling him. Attorney Rocawich then stated that defendant notified her of the default judgment but that she was on business in Africa. As a result, attorney Amirante took the case and timely filed a section 2--1301 motion to vacate, which he thought would be successful based on defendant's having been deposed and having filed an answer to count I alleging breach of contract. Plaintiff, however, objected to the section 2--1301 motion to vacate, on the basis that defendant had failed to appear and defend against the proceedings.

Plaintiff responded with the following argument. Defendant had the burden of satisfying the elements of a section 2--1401 petition; defendant's diligence on the previous case did not prove diligence in the present case; the fraud counts in the previous and present complaints were not verbatim; codefendant Columbia had already made the argument that plaintiff's present complaint should be dismissed because it was identical to his previously filed third amended complaint; the trial court had rejected this argument with respect to count II; and plaintiff had no obligation to forgo the present action because of the previous action. Plaintiff further argued that defendant's claim that he had believed that attorney Loftus was representing him was not supported by affidavit; defendant was sent several notices regarding the default proceeding; defendant did not claim that there was correspondence between him and attorney Loftus; defendant waited five months to bring the section 2--1401 petition; and defendant had no meritorious defense.

The court denied defendant's section 2--1401 petition, reasoning as follows:

"This is one of those cases where, unfortunately, I think that bad facts make bad law. This is a bad facts case. I think that the record is muddled over its lengthy history, but I have to deal with the status of the case legally as I find it today. And every time I have this case come before me, I learn more about historically what has occurred. I also find that there is a lot of law out there that isn't discussed. I pulled the Hudson versus City of Chicago case dealing with the claim *** splitting potential. However, I'm finding it doesn't fall within that, largely because there was no final judgment on the merits on the fraud counts prior to the *** voluntary dismissal of this case. And while defendant now argues that there was due diligence and there is a meritorious defense, all that related to the prior case.

The default judgment that was entered on this case, it's a new action. The case law is absolutely clear that a re-filed case is a new case, it's [a] new action and I've got to look at the new action and I can't jump back and get into Judge Elsner's head or the head of any other prior counsel as to the status of the old case. There is a lot of law on re-filing cases. ***

I don't think this is a claim-splitting case and so I've got to look at this as a [section 2--1401] petition directed at a default judgment that was entered on the new case. And in so doing, I simply find no evidence that I can look to that would fulfill the three prongs necessary to turn over or to vacate a judgment in the new case.

I don't see evidence of a meritorious defense to either the contract action [count I] or the consumer fraud count [count II]. I don't see any evidence as to the exercise of due diligence in presenting a defense in this case or in presenting the [section 2--1401] petition.

I understand there were unfortunate facts relating to Mr. Loftus' conduct and loss of his license. I don't know what that has to do with my consideration of vacating this judgment. I don't have any sworn testimony, affidavit, or evidence in the record. I think there should have been more clarity in the order finalizing this dismissal of Count 2 and 3. It was a dismissal without prejudice.

I simply do not believe that the court lacked subject matter jurisdiction to deal with the newly filed complaint and the transfer to Du Page County.

So for all of those reasons, I simply cannot find, under the law, that the Movant, the Petitioner here, has met the burden of showing that there is an existence of a meritorious defense to the default judgment, there is exercise of due diligence in presenting that defense in this re-filed case and there is an exercise of due diligence in presenting this 2--1401 petition. And for those reasons, I will deny the petition and the default judgments will stand."

Defendant timely appealed.

## II. ANALYSIS

### A. Refiled Complaint

As a preliminary matter, we note that in defendant's reply brief, he argues that "[t]he claim at issue here is count II." In arguing a lack of subject matter jurisdiction, defendant makes no argument regarding count I alleging breach of contract, for which the court awarded plaintiff a judgment of $158,215. Defendant first argues that the court did not have subject matter jurisdiction over count II of plaintiff's refiled complaint because that same count, which was "identical" and "verbatim," had already been dismissed by Judge Elsner in April 2005. Defendant argues that

plaintiff perpetrated a fraud on the court by not informing the court that the same count had previously been dismissed, and that Judge Webster ignored three years of previous litigation by entering judgment on count II. Plaintiff responds that defendant is confusing subject matter jurisdiction with res judicata, and that because the prior dismissals of counts II and III were without prejudice, res judicata did not bar consideration of the refiled complaint. We agree with plaintiff.

Defendant does not contest that plaintiff's refiled complaint was timely. See 735 ILCS 5/13--217 (West 1994)[3] (section 13--217 of the Code permits a plaintiff who voluntarily dismissed his claim to refile the claim within the greater of one year or the remainder of the period of limitations). Therefore, it would seem that a potential bar to plaintiff's refiled complaint turns on whether the April 2005 order dismissing counts II and III was a final judgment. As our supreme court recently stated in Hudson v. City of Chicago, 228 Ill. 2d 462, 467 (2008), quoting Rein v. David A. Noyes & Co., 172 Ill. 2d 325, 338 (1996), " '[t]he doctrine of res judicata provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action.' " "Res judicata bars not only what was actually decided in the first action but also whatever could have been decided." Hudson, 228 Ill. 2d at 467. In other words, a plaintiff "who splits his claims by voluntarily dismissing and refiling part of an action after a final judgment has been entered on another part of the case subjects himself to a res judicata defense." (Emphasis added.) Hudson, 228 Ill. 2d at 473. In this case, the April 2005

---

[3]The version of section 13--217 in effect is the version that preceded the amendments to Public Act 89--7 (Pub. Act 89--7, eff. March 9, 1995), which our supreme court found unconstitutional in its entirety. See Curtis v. Lofy, 394 Ill. App. 3d 170, 177 (2009).

order dismissing counts II and III is missing from the record. Nevertheless, any doubt caused by the missing order is clarified by defendant, who concedes that the order dismissed those two counts without prejudice. See DeLuna v. Treister, 185 Ill. 2d 565, 576 (1999) (the inclusion of "without prejudice" in an order signals the trial court's intent to allow a plaintiff to refile an action). Because counts II and III were dismissed without prejudice, there was no final adjudication on the merits of those counts. Without a final adjudication on the merits, the trial court correctly determined that the claim-splitting issues present in Hudson are not present here, and res judicata is not triggered.

Significantly, defendant does not dispute the trial court's finding that there was no final judgment on the merits. Instead, defendant argues that the trial court lacked subject matter jurisdiction of count II, thus rendering the default judgment void. Defendant's argument is not supported by any case law and lacks merit. While defendant recites the definition of subject matter jurisdiction, he does not explain how the timely refiling of a complaint with counts that are virtually identical to counts that were previously dismissed without prejudice somehow deprives a court of subject matter jurisdiction. Moreover, plaintiff's suit was voluntarily dismissed without prejudice. See Piagentini v. Ford Motor Co., 387 Ill. App. 3d 887, 895 (2009) (a voluntary dismissal is a dismissal without prejudice). Again, had the April 2005 order dismissed counts II and III with prejudice, meaning that it was a final adjudication on the merits, then the claim-splitting issues raised in Hudson would apply. But, as defendant admits, that is not the scenario presented here.

B. Section 2--1401 Petition

Defendant also argues that the trial court erred by denying his section 2--1401 petition to vacate the default judgment as to counts I and II. A determination regarding whether a section 2--1401 petition to vacate a default judgment should be granted depends on whether the allegations in

the petition have adequately established the existence of: (1) a meritorious defense; (2) due diligence in presenting the defense in the original action; and (3) due diligence in filing the section 2--1401 petition. In re Application of the County Treasurer, 347 Ill. App. 3d 769, 774 (2004). "The quantum of proof necessary to sustain a section 2--1401 petition is a preponderance of the evidence." Gonzalez v. Profile Sanding Equipment, Inc., 333 Ill. App. 3d 680, 686 (2002). A section 2--1401 petition must be supported by affidavit or other showing of matters not contained in the record. Gonzalez, 333 Ill. App. 3d at 686. In People v. Vincent, 226 Ill. 2d 1, 17-18 (2007), our supreme court discussed the standard of review applicable to certain proceedings involving section 2--1401 petitions, but it did not address the standard of review of the denial of such a petition after an evidentiary hearing. See Vincent, 226 Ill. 2d at 17 n.4 (noting that appellate courts have applied an abuse-of-discretion standard and/or a manifest-weight-of-the-evidence standard in cases where a section 2--1401 evidentiary hearing was held). We note that cases after Vincent have not been uniform, with some cases applying the abuse-of-discretion standard, and some applying the manifest-weight-of-the-evidence standard. See S.I. Securities v. Powless, No. 5--09--0110 (May 12, 2010), slip op. at 17 (Fifth District applying manifest-weight-of-the-evidence standard); JP Morgan Chase Bank v. Fankhauser, 383 Ill. App. 3d 254, 261 (2008) (Second District applying an abuse-of-discretion standard). We read Vincent's dicta to favor a manifest-weight-of-the-evidence standard. Vincent, 226 Ill. 2d at 17 n.5. While this appears to conflict with our decision in JP Morgan Chase Bank, we did not discuss Vincent when employing the abuse-of-discretion standard in that case. More importantly, we note that the trial court's denial of defendant's section 2--1401 petition was proper under either standard of review.

In this case, the trial court denied defendant's petition, due to his failure to establish all three of the above elements. First, the court noted that, in arguing that he had a meritorious defense, defendant relied only on proceedings related to the prior case. As a result, the court did not see evidence of a meritorious defense as to count II (or count I). The trial court correctly characterized defendant's attempt to establish a meritorious defense. Defendant's position is that he established a meritorious defense from 2003 to 2006 (in the prior case) by filing motions to dismiss and by arguing that: plaintiff received a substantial benefit of the contract; plaintiff negotiated the punch-list items before closing and knew of the defects; plaintiff's facts were properly characterized as a breach of contract; plaintiff had alleged no new facts to reverse previous rulings; plaintiff's alleged reliance on oral representations did not support fraud; allegations of failure to construct in a workmanlike manner did not support fraud; and, at most, plaintiff alleged some faulty workmanship. With respect to count I, alleging breach of contract, we need not resolve whether defendant presented a meritorious defense because, as we discuss below, he cannot establish due diligence. In terms of count II, defendant argued in his section 2--1401 petition that his meritorious defense consisted of Judge Elsner's dismissals without prejudice of counts II and III in the prior case (the April 12, 2005, order). A meritorious defense is one that, if believed by the trier of fact, would defeat the plaintiff's claim. Halle v. Robertson, 219 Ill. App. 3d 564, 568 (1991). Contrary to defendant's assertion, the trial court was not bound by Judge Elsner's previous dismissals of counts II and III. As the trial court stated, plaintiff's refiled complaint was a new case, meaning that the court was not obligated to "get into Judge Elsner's head" and draw the same conclusions as he did.

Second, with respect to due diligence, the court likewise found that defendant failed to exercise due diligence in either presenting a defense in the refiled action or presenting the section

2--1401 petition. Our supreme court explained the concept of due diligence in Smith v. Airoom, Inc., 114 Ill. 2d 209, 222 (1986). Due diligence requires a section 2--1401 petitioner to have a reasonable excuse for failing to act within the appropriate time. Smith, 114 Ill. 2d at 222. Because section 2--1401 does not afford a litigant relief from the consequences of his own mistake or negligence, a party relying on this section is not entitled to relief unless he shows that, through no fault or negligence of his own, a factual error or a valid defense was not presented to the trial court. Smith, 114 Ill. 2d at 222. In particular, the petitioner must show that his failure to defend against the lawsuit was the result of an excusable mistake and that under the circumstances he acted reasonably, and not negligently, when he failed to initially resist the judgment. Smith, 114 Ill. 2d at 222.

Again, the thrust of defendant's argument on diligence centers on the same three-year period of the prior case, during which time he, while represented by attorney Loftus, filed eight motions, won three motions to dismiss, filed an answer to count I alleging breach of contract, and engaged in depositions. As the trial court noted, defendant's evidence of diligence related primarily to the prior case and not to the refiled complaint.

Defendant's diligence argument that does relate to the refiled complaint is that he reasonably believed that attorney Loftus was representing him in this matter. Defendant argues that he had not been aware that attorney Loftus was being investigated for misconduct, left Chicago, or was disbarred in May 2008. Defendant further points out that plaintiff did not serve attorney Loftus but served defendant personally. According to defendant, when he learned that a default judgment had been entered against him, he hired attorney Amirante, who timely filed a section 2--1301 motion to vacate the default judgment. Plaintiff responds that defendant's belief that attorney Loftus was

representing him was not reasonable for the following reasons. First, defendant and codefendant Columbia were both represented by attorney Loftus in the prior case. However, codefendant Columbia saw the need to hire new counsel regarding the refiled complaint, whereas defendant does not explain his failure to do so. Plaintiff further points out that defendant was served with notice of the refiled complaint "via abode" on January 26, 2007; plaintiff mailed to defendant his motion for a default judgment on December 31, 2007; plaintiff mailed to defendant his motion to set a proveup date on July 2, 2008; and plaintiff mailed to defendant a copy of the July 7, 2008, order setting the matter for prove up on July 29, 2008, the date the default judgment was entered.

At the hearing on his section 2--1401 petition, defendant admitted that, when he was first served by abode, he ignored the suit because he thought that he had won that same issue "many times." Defendant did not call attorney Loftus until it "started getting deeper and deeper," which is when he found out that attorney Loftus "basically got disbarred and left." While acknowledging that attorney Loftus's conduct and loss of license were "unfortunate," the trial court noted that defendant's section 2--1401 petition lacked any "sworn testimony, affidavit, or evidence in the record" to this end. The burden was on defendant to establish due diligence. Beyond defendant's admission that he basically ignored the refiled suit at the beginning, there is no affidavit showing defendant's attempts to contact attorney Loftus; there is no correspondence between the two; and other than attorney Loftus's representation in the previous suit, there is no evidence supporting defendant's belief that attorney Loftus was handling the refiled case, especially when codefendant Columbia had hired new counsel.

Defendant's argument that he did provide an affidavit is unavailing. The affidavit defendant refers to pertains to his section 2--1301 motion to vacate, which was filed by attorney Amirante, not

his section 2--1401 petition to vacate. As stated, there is no affidavit attached to defendant's section 2--1401 petition supporting his assertion that he believed that attorney Loftus was representing him in the refiled suit. We note that defendant's section 2--1301 motion was denied by the trial court and that he never appealed. In any event, even if we consider that affidavit, it runs contrary to defendant's diligence argument in his section 2--1401 petition. In his affidavit, defendant avers that: he first received notice of the refiled case on August 4, 2008 (which is after the July 2008 default judgment); he contacted his "attorney at the time and asked her to defend" him (who was not attorney Loftus but attorney Rocawich); he was advised that she was traveling abroad and unable to defend him; and, as a result, he hired attorney Amirante to defend him. Defendant's affidavit thus states nothing of defendant's belief that he was being represented by attorney Loftus, and it conflicts with defendant's statement to the court regarding when he received notice, by abode service, of the refiled complaint. In sum, defendant has not shown that his failure to defend was the result of an excusable mistake and that he acted reasonably. Rather, defendant essentially concedes that he ignored the situation at his own peril.

Finally, we agree with the trial court that defendant did not show due diligence in filing his section 2--1401 petition. As plaintiff points out, defendant waited over five months after the denial of his section 2--1301 motion before filing his section 2--1401 petition. Again, there is no explanation for this delay and no argument as to how defendant was diligent in filing his section 2--1401 petition.

In an equitable argument, defendant contends that allowing the default judgment to stand is unjust and unfair because all "five of the complaints, whether filed in Du Page or Cook County and transferred to Du Page County, allege the same claims on virtually identical operative facts and the

Court, by Judge Elsner, ruled on and considered these facts several times, found that Defendant presented substantive defenses because, among other things, Plaintiff closed on the property with knowledge of the construction defects, and dismissed verbatim Count II on April 12, 2005 and denied Plaintiff's motion to reconsider." In Vincent, our supreme court noted that, while section 2--1401 relief originated as an equitable remedy, it is now a statutory remedy, meaning that it is inaccurate to continue to view the relief in strictly equitable terms. Vincent, 226 Ill. 2d at 15-16. Despite post- Vincent cases continuing to view section 2--1401 petitions as invoking the equitable powers of the court (see Hirsch v. Optima, Inc., 397 Ill. App. 3d 102, 112-13 (2009) (First District); Glavinskas v. William L. Dawson Nursing Center, Inc., 392 Ill. App. 3d 347, 353 (2008) (First District); JP Morgan Chase Bank, 383 Ill. App. 3d at 261-62 (Second District), we agree with the S.I. Securities Fifth District court that section 2--1401 relief is not an equitable remedy but is a statutory remedy that is subject to the usual rules of civil practice. S.I. Securities, slip op. at 17, citing Vincent, 226 Ill. 2d at 15. We have already discussed how defendant failed to satisfy the requirements of a section 2--1401 petition. Moreover, even if Vincent does not bar arguments premised on equitable grounds, which we believe it does, defendant has not shown that the denial of his petition was unjust or fundamentally unfair. See Vincent, 226 Ill. 2d at 16 (in section 2--1401 proceedings, the supreme "court's application of civil practice rules and precedent factored out any notions about a trial court's 'discretion' to do justice").

Because there was nothing improper about plaintiff's refiling of his complaint, we necessarily reject defendant's argument that plaintiff violated Supreme Court Rule 137 or perpetrated a fraud on the trial court.

### III.  CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

BURKE and HUDSON, JJ., concur.