# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Powell v. Lewellyn*, 2012 IL App (4th) 110168

---

| | |
|---|---|
| Appellate Court Caption | DOUGLAS C. POWELL, Plaintiff-Appellant, v. RAYMOND LEWELLYN, SERGEANT HUEY, and SERGEANT OSENBERG, Defendants-Appellees. |
| District & No. | Fourth District<br>Docket No. 4-11-0168 |
| Filed | September 12, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Where an inmate in a county jail filed a *pro se* petition for injunctive relief that did not specifically describe the relief sought and there was no indication defendants were served with summons or notice, the trial court's *sua sponte* denial of the petition was vacated and the cause was remanded to the trial court to allow the inmate to have defendants served and proceed to a hearing or, after a reasonable time, dismiss the matter for want of prosecution. |
| Decision Under Review | Appeal from the Circuit Court of Vermilion County, No. 11-CH-27; the Hon. Michael D. Clary, Judge, presiding. |
| Judgment | Judgment vacated; cause remanded for further proceedings. |

Counsel on Appeal

Douglas C. Powell, of Jonesboro, Arkansas, appellant *pro se.*

No brief filed for appellees.

Panel

PRESIDING JUSTICE TURNER delivered the judgment of the court, with opinion.

Justices Pope and McCullough concurred in the judgment and opinion.

## OPINION

¶ 1     In February 2011, plaintiff, Douglas C. Powell, filed a *pro se* petition for injunctive relief against defendants, Raymond Lewellyn, Sergeant Huey, and Sergeant Osenberg. The trial court denied the petition. We vacate the trial court's judgment and remand for further proceedings.

¶ 2                                 I. BACKGROUND

¶ 3     In a *pro se* petition dated January 31, 2011, and filed on February 1, 2011, plaintiff, an inmate in the Vermilion County jail, sought injunctive relief against "Capt. Lewellyn," "Sgt. Huey," and "Sgt. Osenberg." Plaintiff stated he suffers from seizures that require immediate medical attention. He alleged he filed an institutional grievance concerning the denial of medical attention and the regulation of medication. He also alleged Sergeant Osenberg denied him medical attention and placed him in a padded cell. The petition includes a "notice of filing," and names the State's Attorney, the circuit clerk, Judge Clary, Captain Lewellyn, Sergeant Huey, and Sergeant Osenberg.

¶ 4     On February 7, 2011, a letter from plaintiff was filed, wherein he stated he had filed a lawsuit and "sent a copy of it to all parties involved." Plaintiff requested that he be notified when the hearing on the matter would take place.

¶ 5     In a letter dated February 1, 2011, and filed on February 14, 2011, plaintiff wrote to the trial court, stating he suffered from seizures and was supposed to have blood work performed every 30 days. He claimed that had not been done since the date of his arrest on December 20, 2010. On January 5, 2011, plaintiff alleged he felt a seizure coming on and told "Sgt. Sands," who did nothing. When the seizure occurred, plaintiff sustained a head injury. On January 17, 2011, plaintiff had a seizure and "Sgt. Osterber" placed him in a padded cell and told him he was not going to the hospital. Plaintiff claimed he was being wrongfully treated and asked for help in this matter.

¶ 6     On February 14, 2011, the trial court denied plaintiff's petition for injunctive relief. The court noted plaintiff failed to describe what specific act he wanted defendants enjoined from

doing. The court found an injunctive order was not proper under the allegations of the petition. This appeal followed.

¶ 7                                            II. ANALYSIS

¶ 8        On appeal, plaintiff filed a handwritten brief, the "argument" of which consists of 1 1/2 pages. He reiterates that he suffers from seizures and claims he was denied adequate health care. He seeks $700,000 in compensation for medical negligence and pain and suffering and asks that defendants be relieved of their jobs. Defendants did not file a brief as they are not parties to the appeal because they have never been served with plaintiff's petition. We find this case is not ripe for adjudication.

¶ 9        In *People v. Laugharn*, 233 Ill. 2d 318, 323, 909 N.E.2d 802, 805 (2009), the trial court dismissed the prisoner's *pro se* petition under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2004)) only 7 days after the petition's filing and prior to the expiration of the usual 30-day period for the State to answer or plead. Our supreme court held the trial court could not *sua sponte* dismiss a plaintiff's petition unless it is " 'ripe for adjudication.' [Citation.]" *Laugharn*, 233 Ill. 2d at 323, 909 N.E.2d at 805. The supreme court held the "dismissal short-circuited the proceedings and deprived the State of the time it was entitled to answer or otherwise plead." *Laugharn*, 233 Ill. 2d at 323, 909 N.E.2d at 805. Since the section 2-1401 petition was not ripe for adjudication, the court vacated the judgments of the appellate court and the trial court. *Laugharn*, 233 Ill. 2d at 323-24, 909 N.E.2d at 805.

¶ 10       In the case *sub judice*, plaintiff filed his *pro se* petition for injunctive relief on February 1, 2011. It does not appear defendants were ever served with notice or a summons. On February 14, 2011, the trial court *sua sponte* denied plaintiff's petition.

¶ 11       While this case involves a petition for injunctive relief rather than a section 2-1401 petition, we find the *Laugharn* principles applicable. Thus, this case is not ripe for adjudication because defendants were never notified that a petition for injunctive relief had been filed against them. Without notice, they could not answer or otherwise plead. The trial court denied the petition only two weeks after it was filed. A plaintiff must be given a reasonable amount of time to obtain service on a defendant or defendants. "If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice." Ill. S. Ct. R. 103(b) (eff. July 1, 2007). If the defendant is properly served, he will then be entitled to answer or file a motion to dismiss within the appropriate length of time. Here, plaintiff was indigent and in jail when he filed his petition. Service of summons might or might not have been forthcoming. But, as stated, only two weeks had passed since plaintiff filed his *pro se* petition. See *Segal v. Sacco*, 136 Ill. 2d 282, 289, 555 N.E.2d 719, 721-22 (1990) (finding 19-week delay in the service of process did not justify the dismissal of the plaintiff's action with prejudice). While we recognize "the trial court possesses the inherent authority to control its own docket and the course of litigation, including the authority to prevent undue delays in the disposition of cases caused by abuses of the litigation process" (*J.S.A. v. M.H.*, 224 Ill. 2d 182, 196, 863 N.E.2d 236, 244 (2007)),

the court's ruling on the merits here, before defendants had even been served with the petition, was premature.

¶ 12    We note our disagreement with the Second District's recent decision in *People v. Nitz*, 2012 IL App (2d) 091165, 971 N.E.2d 633. In that case, like *Laugharn*, the defendant filed a petition for relief from judgment under section 2-1401. *Nitz*, 2012 IL App (2d) 091165, ¶ 4, 971 N.E.2d 633. Less than 30 days later, the trial court took up the matter, and an assistant State's Attorney appeared but did not participate beyond stating his name. *Nitz*, 2012 IL App (2d) 091165, ¶ 6, 971 N.E.2d 633. The court dismissed the petition *sua sponte*. *Nitz*, 2012 IL App (2d) 091165, ¶ 6, 971 N.E.2d 633. The defendant appealed, arguing *Laugharn* applied, and thus the trial court erred in dismissing his petition prior to the expiration of the 30-day period in which the State could respond. *Nitz*, 2012 IL App (2d) 091165, ¶ 8, 971 N.E.2d 633.

¶ 13    The Second District disagreed, finding the case distinguishable from *Laugharn* because the defendant did not give the State notice pursuant to section 2-1401(b). *Nitz*, 2012 IL App (2d) 091165, ¶ 12, 971 N.E.2d 633. Without service or a waiver of service, the court found the 30-day period for filing an answer by the State was irrelevant because it would "never commence." *Nitz*, 2012 IL App (2d) 091165, ¶ 12, 971 N.E.2d 633. Moreover, the court stated as follows:

"A remand 'for further proceedings' would be meaningless, because no 'further proceedings' will occur. The State will never answer or move to dismiss, and the State cannot be defaulted, because it was never served. Thus, remand would place the trial court in the position of being able to do nothing while the case remains on its docket permanently." *Nitz*, 2012 IL App (2d) 091165, ¶ 12, 971 N.E.2d 633.

After finding the petition deficient based on the failure to give notice, the court concluded dismissal without prejudice was proper. *Nitz*, 2012 IL App (2d) 091165, ¶ 13, 971 N.E.2d 633.

¶ 14    In contrast to our sister district, we find further proceedings in this case would not be "meaningless" or wind up permanently etched on the trial court's docket. If plaintiff seeks to have his case heard, he can have defendants served. Otherwise, the trial court has the power to dismiss the case for want of prosecution after a reasonable period of time. Accordingly, we vacate the court's judgment and remand for further proceedings. We express no opinion on the merits of the substantive arguments raised by plaintiff in his petition.

¶ 15                                   III. CONCLUSION

¶ 16    For the reasons stated, we vacate the trial court's judgment and remand for further proceedings.

¶ 17    Judgment vacated; cause remanded for further proceedings.