# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

*People v. Miller*, 2012 IL App (5th) 110201

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL MILLER, Defendant-Appellant. |
| District & No. | Fifth District<br>Docket No. 5-11-0201 |
| Filed<br>Rehearing denied | December 10, 2012<br>January 9, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of a petition pursuant to section 2-1401 of the Code of Civil Procedure that was filed by defendant without giving proper notice to the State was vacated and the cause was remanded for further proceedings in which defendant may serve the State as required by the statute or the trial court may dismiss the case for want of prosecution after a reasonable period of time. |
| Decision Under Review | Appeal from the Circuit Court of Madison County, No. 98-CF-1814; the Hon. James Hackett, Judge, presiding. |
| Judgment | Judgment vacated; cause remanded for further proceedings. |

| Counsel on Appeal | Michael J. Pelletier, Peter A. Carusona, and Verlin R. Meinz, all of State Appellate Defender's Office, of Ottawa, for appellant. |
| | |
| | Thomas D. Gibbons, State's Attorney, of Edwardsville (Patrick Delfino, Stephen E. Norris, and Patrick D. Daly, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| | |
| Panel | JUSTICE WEXSTTEN delivered the judgment of the court, with opinion. |
| | Justices Welch and Chapman concurred in the judgment and opinion. |

**OPINION**

¶ 1    In April 2011, the defendant filed a *pro se* petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)). Eleven days later, the trial court dismissed the petition *sua sponte*. On appeal, the defendant argues that we should vacate the trial court's judgment and remand for further proceedings. For the reasons that follow, we agree.

¶ 2                              BACKGROUND

¶ 3    In May 1999, a Madison County jury found the defendant, Michael Miller, guilty of attempted first-degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 1998)). At trial, the State's evidence established that in August 1998, the defendant savagely attacked Lavita Butkus with a knife and a tire tool and that as a result, she required extensive hospitalization and spent 21 days in a coma.

¶ 4    In July 1999, the trial court sentenced the defendant to serve a 45-year term of imprisonment. In July 2003, the defendant's conviction and sentence were affirmed on direct appeal. *People v. Miller*, No. 5-99-0651 (2003) (unpublished order under Supreme Court Rule 23).

¶ 5    From March 2001 to January 2010, the defendant filed numerous *pro se* pleadings challenging his conviction and sentence, none of which proved successful. The defendant's pleadings included multiple motions and petitions filed pursuant to the Post-Conviction Hearing Act (725 ILCS 5/122-1 to 122-8 (West 2002, 2004, 2008)) and a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2004)).

¶ 6    On April 1, 2011, the defendant filed a second petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)). Notably,

the record indicates that the defendant failed to give the State proper notice of the petition as required by section 2-1401(b). See *Padilla v. Vazquez*, 223 Ill. App. 3d 1018, 1024 (1991) (pursuant to section 2-1401(b), "[a] party seeking relief under section 2-1401 must give notice to opposing parties according to Supreme Court Rules 105 and 106").

¶ 7 On April 12, 2011, the trial court entered an order *sua sponte* dismissing the defendant's petition as untimely filed and failing to state a cognizable claim. Thereafter, the defendant filed a timely notice of appeal.

¶ 8                                    DISCUSSION

¶ 9 "Section 2-1401 of the Code of Civil Procedure *** provides a comprehensive statutory procedure by which final orders and judgments may be challenged more than 30 days after their entry." *People v. Pinkonsly*, 207 Ill. 2d 555, 562 (2003). "Although a section 2-1401 petition is usually characterized as a civil remedy, its remedial powers extend to criminal cases." *People v. Harvey*, 196 Ill. 2d 444, 447 (2001).

¶ 10 "[P]roceedings under section 2-1401 are subject to the usual rules of civil practice" (*People v. Vincent*, 226 Ill. 2d 1, 8 (2007)), and thus "a party is entitled to notice that it must answer or otherwise respond to a section 2-1401 petition within 30 days after service of the petition" (*Dealer Management Systems, Inc. v. Design Automotive Group, Inc.*, 355 Ill. App. 3d 416, 419 (2005)). "We review the dismissal of a section 2-1401 petition *de novo*." *People v. Laugharn*, 233 Ill. 2d 318, 322 (2009).

¶ 11 In *Vincent*, our supreme court held that a trial court may *sua sponte* dismiss a section 2-1401 petition without providing a defendant with notice and the opportunity to respond. *Vincent*, 226 Ill. 2d at 10-14. The court further rejected the notion that a trial court cannot dismiss a section 2-1401 petition in the absence of a responsive pleading from the State. *Id.* at 9. As framed by the court, the issue in *Vincent* was "whether a trial court may dispose of a properly served section 2-1401 petition without benefit of responsive pleadings and without giving the petitioner notice of the impending ruling and the opportunity to address the court prior to the ruling." *Id.* at 5.

¶ 12 In *Laugharn*, the defendant filed a section 2-1401 petition, and "[s]even court days later," the trial court *sua sponte* dismissed the petition as untimely filed. *Laugharn*, 233 Ill. 2d at 321-23. Stating that because "[o]nly seven days had passed since its filing," the defendant's petition "was not 'ripe for adjudication' " when the trial court dismissed it, our supreme court subsequently held that the "*sua sponte* dismissal of [the] defendant's petition before the conclusion of the usual 30-day period to answer or otherwise plead was premature and require[d] *vacatur* of the dismissal order." *Id.* at 323. The *Laugharn* court accordingly vacated the trial court's judgment and remanded the cause for further proceedings. *Id.* at 324.

¶ 13 Here, the parties agree that the trial court erred in dismissing the defendant's section 2-1401 petition as if it were ripe for adjudication. They disagree, however, as to the proper remedy. The defendant maintains that consistent with *Laugharn*, his cause must be remanded for further proceedings. See *Laugharn*, 233 Ill. 2d at 324. Citing *People v. Nitz*, 2012 IL App (2d) 091165, the State counters that because the defendant failed to comply with section 2-1401(b)'s notice requirement, the trial court's judgment should be affirmed "with the

modification that the dismissal is without prejudice."

¶ 14 In *Nitz*, the defendant filed a section 2-1401 petition and, like the defendant here, failed to give the State proper notice that the petition had been filed. *Nitz*, 2012 IL App (2d) 091165, ¶¶ 4-5, 12. Less than 30 days later, the trial court addressed the merits of the defendant's petition and dismissed it *sua sponte*. *Id.* ¶¶ 4, 6. On appeal, the Second District Appellate Court held that although the trial court's dismissal of the defendant's petition on the merits was premature and prohibited by *Laugharn*, the trial court could have properly dismissed the petition on the ground that the defendant had failed to comply with section 2-1401(b)'s notice requirement. *Id.* ¶¶ 12-13. Invoking its power to affirm on any basis supported by the record, the appellate court thus affirmed the trial court's judgment but modified it to reflect that the dismissal was without prejudice. *Id.* ¶¶ 13, 15.

¶ 15 The Second District's holding in *Nitz* turned solely on the fact that like here, the defendant failed to give the State proper notice that he had filed a section 2-1401 petition. As the court explained:

"In the present case, defendant argues without much discussion that this case is identical to *Laugharn* and that we must reverse and remand for further proceedings. We disagree. The crucial fact in this case is that defendant did not give the State notice pursuant to section 2-1401(b). The court in *Vincent* expressly framed the issue with respect to a 'properly served section 2-1401 petition.' [Citation.] While the court in *Laugharn* did not express that the State had been served, the discussion indicates that it had, because the court noted that the 30-day period for filing an answer does not begin to run until service has occurred. If the State in our case had waived service and appeared, then the *Vincent* and *Laugharn* principles would apply. But no such waiver occurred. Consequently, the 30-day period is irrelevant, because it will never commence. A remand 'for further proceedings' would be meaningless, because no 'further proceedings' will occur. The State will never answer or move to dismiss, and the State cannot be defaulted, because it was never served. Thus, remand would place the trial court in the position of being able to do nothing while the case remains on its docket permanently." *Id.* ¶ 12.

¶ 16 During the pendency of the present appeal, the Fourth District Appellate Court decided *Powell v. Lewellyn*, 2012 IL App (4th) 110168, and respectfully disagreed with the *Nitz* court's conclusion that the proper remedy following a trial court's premature dismissal of a defendant's unserved petition is to modify the court's judgment to reflect that the dismissal was without prejudice. In *Powell*, the plaintiff, an incarcerated inmate, filed a *pro se* petition for injunctive relief against three defendant-jailers but failed to give them proper notice. *Powell*, 2012 IL App (4th) 110168, ¶¶ 3, 8, 10-11. Two weeks later, the trial court *sua sponte* denied the plaintiff's petition on its merits. *Id.* ¶¶ 6, 10-11. The plaintiff subsequently appealed, and applying the "*Laugharn* principles," the appellate court held that because the defendants had never been served with the plaintiff's petition, the petition was "not ripe for adjudication" when the trial court *sua sponte* entered its "ruling on the merits." *Id.* ¶¶ 8, 10-11. Noting, *inter alia*, that the plaintiff on appeal "was indigent and in jail when he filed his petition," that "[t]he trial court denied the petition only two weeks after it was filed," and that "[a] plaintiff must be given a reasonable amount of time to obtain service on a defendant or

-4-

defendants," the appellate court vacated the trial court's judgment and remanded the cause for further proceedings. *Id.* ¶¶ 11, 14.

¶ 17　　　　When noting its disagreement with *Nitz*, the *Powell* court stated the following:

> "In contrast to our sister district, we find further proceedings in this case would not be 'meaningless' or wind up permanently etched on the trial court's docket. If plaintiff seeks to have his case heard, he can have defendants served. Otherwise, the trial court has the power to dismiss the case for want of prosecution after a reasonable period of time. Accordingly, we vacate the court's judgment and remand for further proceedings. We express no opinion on the merits of the substantive arguments raised by plaintiff in his petition." *Id.* ¶ 14.

¶ 18　　　　Having reviewed both decisions, we find *Powell* more persuasive than *Nitz*. Moreover, as the defendant notes on appeal, *Nitz* "does not contribute at all to judicial efficiency and economy," which is important to consider. See *Schultz v. Republic Insurance Co.*, 124 Ill. App. 3d 342, 344 (1984) (noting that "a tool designed to further the important goal of achieving judicial economy *** is rendered useless if not employed in appropriate circumstances").

¶ 19　　　　　　　　　　　　　　　　CONCLUSION

¶ 20　　　　For the foregoing reasons, we hereby vacate the trial court's judgment dismissing the defendant's section 2-1401 petition and remand for further proceedings.

¶ 21　　　　Judgment vacated; cause remanded for further proceedings.