2015 IL App (4th) 131080

NO. 4-13-1080

FILED
August 5, 2015
Carla Bender
4th District Appellate
Court, IL

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Vermilion County |
| JOSHUA KRUGER, | ) | No. 99CF357 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Michael D. Clary, |
| | ) | Judge Presiding |

JUSTICE TURNER delivered the judgment of the court, with opinion.
Presiding Justice Pope and Justice Steigmann concurred in the judgment and opinion.

**OPINION**

¶ 1        On October 28, 2011, defendant, Joshua Kruger, filed a *pro se* petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Procedure Code) (735 ILCS 5/2-1401 (West 2010)).  Defendant's section 2-1401 petition requested vacature of the Vermilion County circuit court's October 25, 2010, judgment denying defendant's request for a search of the deoxyribonucleic acid database.  On November 4, 2011, the trial court *sua sponte* denied defendant's section 2-1401 petition on the merits.  Defendant appealed the court's denial. In a March 1, 2013, summary order, this court reversed the trial court's denial because (1) defendant had not properly served the State and (2) the court's denial occurred prior to the expiration of the 30-day period for which the State had to respond to the petition.  *People v. Kruger*, No. 4-11-1033 (Mar. 1, 2013) (unpublished summary order under Supreme Court Rule

23(c)).

¶ 2      Prior to this court's summary order, defendant filed in the trial court a motion for discovery related to his section 2-1401 petition. On March 15, 2013, defendant filed a motion for leave to file an amended section 2-1401 petition, which the court allowed in April 2013. In May 2013, defendant filed an amended motion for discovery. On October 22, 2013, the court again entered a *sua sponte* order. In its order, the court first noted defendant had still not properly served the State with his section 2-1401 petition, and thus it dismissed defendant's petition for want of prosecution. The court further noted that, even if the petition was not dismissed for want of prosecution, the petition was ripe for adjudication and should be denied on the merits. We note defendant did not file an amended section 2-1401 petition before the court's October 2013 order.

¶ 3      Defendant filed a timely notice of appeal from the trial court's October 2013 order, and the office of the State Appellate Defender (OSAD) was appointed to represent him. On appeal, OSAD moves to withdraw its representation of defendant, contending no colorable argument can be made an error occurred because the court followed the appropriate procedures for reviewing and dismissing defendant's section 2-1401 petition. This court granted defendant to and including May 6, 2015, to file additional points and authorities. Defendant filed a response, and the State filed an appellee brief. Defendant also filed a reply brief. After reviewing the briefs, we deny OSAD's motion to withdraw without prejudice.

¶ 4                          I. ANALYSIS

¶ 5      We begin by supplementing our decision in *Powell v. Lewellyn*, 2012 IL App (4th) 110168, 976 N.E.2d 1106. There, we stated that, when the petitioner fails to properly serve the opposing party within "a reasonable period of time," the trial court has the power to dismiss

the case for want of prosecution. *Powell*, 2012 IL App (4th) 110168, ¶ 14, 976 N.E.2d 1106. However, we did not mention the court may also dismiss the action "under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) if defendant fails to exercise reasonable diligence in serving the State." *People v. Prado*, 2012 IL App (2d) 110767, ¶ 9, 979 N.E.2d 564. A dismissal for lack of diligence in obtaining service prior to the expiration of applicable statute of limitations under Rule 103(b) is distinct from a dismissal for want of prosecution. *Green v. Wilmont Mountain, Inc.*, 92 Ill. App. 3d 176, 180, 415 N.E.2d 1076, 1080 (1980). Since the two types of dismissals are distinct and have different ramifications, we set forth a description of them below.

¶ 6                                  A. Rule 103(b)

¶ 7            As stated, Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) allows for dismissals of an action where the petitioner "fails to exercise reasonable diligence to obtain service on" the opposing party. With a Rule 103(b) dismissal, if the lack of diligence occurs before the expiration of the applicable statute of limitations, then the trial court may dismiss the action without prejudice. Ill. S. Ct. R. 103(b) (eff. July 1, 2007). However, if the lack of diligence occurs after the expiration of the applicable statute of limitations, then the court must dismiss the action with prejudice as to the party that did not receive proper service. Ill. S. Ct. R. 103(b) (eff. July 1, 2007). Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) further provides the following: "In considering the exercise of reasonable diligence, the court shall review the totality of the circumstances, including both lack of reasonable diligence in any previous case voluntarily dismissed or dismissed for want of prosecution, and the exercise of reasonable diligence in obtaining service in any case refiled under section 13-217 of the Code of Civil Procedure." Moreover, Rule 103(b) does not contain a specific time limitation on when

service should occur. *Case v. Galesburg Cottage Hospital*, 227 Ill. 2d 207, 213, 880 N.E.2d 171, 175 (2007).

¶ 8          Our supreme court has noted that, in determining reasonable diligence under Rule 103(b), the court may consider many factors, including, but not limited to the following:

> "(1) the length of time used to obtain service of process; (2) the activities of plaintiff; (3) plaintiff's knowledge of defendant's location; (4) the ease with which defendant's whereabouts could have been ascertained; (5) actual knowledge on the part of the defendant of pendency of the action as a result of ineffective service; (6) special circumstances that would affect plaintiff's efforts; and (7) actual service on defendant." *Case*, 227 Ill. 2d at 212-13, 880 N.E.2d at 175.

The passage of time is then considered in relation to all the other factors and circumstances of the individual case. *Case*, 227 Ill. 2d at 213, 880 N.E.2d at 175. The determination of whether a petitioner exercised reasonable diligence under Rule 103(b) rests within the trial court's sound discretion. *Segal v. Sacco*, 136 Ill. 2d 282, 286, 555 N.E.2d 719, 720 (1990).

¶ 9          Additionally, we note "[a] dismissal with prejudice is usually considered a final judgment." *Dubina v. Mesirow Realty Development, Inc.*, 178 Ill. 2d 496, 502, 687 N.E.2d 871, 874 (1997). "Final orders are appealable as a matter of right under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994)." *Fabian v. BGC Holdings, LP*, 2014 IL App (1st) 141576, ¶ 12, 24 N.E.3d 307. Thus, if the Rule 103(b) dismissal is with prejudice and applies to all of the opposing parties, the dismissal is immediately appealable. But see Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010) (addressing judgments as to fewer than all of the parties).

¶ 10                                   B. Want of Prosecution

¶ 11          Under Illinois law, trial courts have the power to dismiss civil actions "for inexcusable delay and lack of diligence," which is referred to as a dismissal for want of prosecution. *City of Crystal Lake v. Sak*, 52 Ill. App. 3d 684, 688, 367 N.E.2d 989, 993 (1977). Moreover, as previously stated, this court has held a trial court may dismiss a case for want of prosecution when the petitioner has failed to properly serve the opposing party within "a reasonable period of time." *Powell*, 2012 IL App (4th) 110168, ¶ 14, 976 N.E.2d 1106. The determination of whether or not to dismiss a case for want of prosecution is governed by the particular facts of the case and rests within the trial court's sound discretion. *Department of Revenue v. Steinkopf*, 160 Ill. App. 3d 1008, 1018, 513 N.E.2d 1016, 1022 (1987).

¶ 12          A dismissal for want of prosecution is "not an adjudication on the merits, does not prejudice the case of the party against whom it is entered, and does not bar a subsequent suit on the same issues." *Kraus v. Metropolitan Two Illinois Center*, 146 Ill. App. 3d 210, 212, 496 N.E.2d 1080, 1082 (1986). Section 13-217 of the Procedure Code (735 ILCS 5/13-217 (West 1994)), provides that, after a dismissal for want of prosecution, the petitioner "may commence a new action within one year or within the remaining period of limitation, whichever is greater." (We note "[t]he version of section 13-217 in effect is the version that preceded the amendments to Public Act 89-7 (Pub. Act 89-7, eff. March 9, 1995), which our supreme court found unconstitutional in its entirety." *Domingo v. Guarino*, 402 Ill. App. 3d 690, 698 n.3, 932 N.E.2d 50, 58 n.3 (2010).) Thus, the one-year period for refiling applies even if the statute of limitations has already expired. Since section 13-217 permits refiling, a dismissal for want of prosecution is not final and appealable. *S.C. Vaughan Oil Co. v. Caldwell, Troutt & Alexander*, 181 Ill. 2d 489, 507, 693 N.E.2d 338, 346 (1998). It remains an unappealable interlocutory order until the

petitioner's option to refile expires.  *S.C. Vaughan Oil Co.*, 181 Ill. 2d at 507, 693 N.E.2d at 346.

¶ 13                           C. Defendant's Section 2-1401 Petition

¶ 14          Now, we examine what type of dismissal the trial court found was appropriate for defendant's section 2-1401 petition.  In its October 2013 order, the court used the term "dismissed for want of prosecution."  While it noted defendant's failure to properly serve the State, the court made no mention of Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) or "the failure to exercise reasonable diligence."  Thus, we disagree with the State's suggestion the trial court dismissed defendant's petition under Rule 103(b) and conclude the court found a dismissal for want of prosecution.

¶ 15          However, we note the trial court further found the matter was ripe for adjudication and concluded defendant's section 2-1401 petition should be denied on its merits.  It appears from the court's order it intended to enter a final order denying defendant's section 2-1401 petition on the merits.  Accordingly, we find the trial court's October 2013 was a *sua sponte* denial of defendant's section 2-1401 petition on the merits.  Accordingly, we have jurisdiction over a final and appealable judgment under Illinois Supreme Court Rule 301 (eff. Feb. 1, 1994).  Since OSAD's motion to withdraw as counsel focused solely on the court's dismissal finding and did not address the court's denial of the petition on the merits, we deny OSAD's motion without prejudice.

¶ 16                                  II. CONCLUSION

¶ 17          For the reasons stated, we deny without prejudice OSAD's motion to withdraw as counsel.  If OSAD finds no colorable claim of error can be made as to the trial court's ruling on the merits, then OSAD may file a new motion to withdraw on that basis.  If a new motion is not filed within 28 days, this court will reestablish the briefing schedule.

¶ 18        Motion denied without prejudice.