No. 2-08-0898     Filed: 11-3-10

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Winnebago County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 06--CF--178 |
| DEMETRIS L. WALLACE, | ) ) | Honorable Joseph G. McGraw, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Demetris L. Wallace, appeals from the dismissal of a petition under section 2--1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2--1401 (West 2008)) in which he attacked his conviction of a drug offense. Defendant filed the petition with the court, but did not serve the State with it by certified or registered mail; the court dismissed it for improper service. We hold that the proper remedy for the improper service was the quashing of service, not the dismissal of the petition. We therefore vacate the dismissal and remand the matter for further proceedings.

I. BACKGROUND

Defendant pleaded guilty to a drug offense on July 13, 2006, and the court that day sentenced him to eight years' imprisonment. He did not file a direct appeal. On April 10, 2008, he filed a petition under section 2--1401 asserting that he had received ineffective assistance of counsel during

the plea proceedings. The "Affidavit of Service" does not show upon whom he served the petition. It did not refer to registered or certified mail.

On April 25, 2008, the State filed a "Combined Special and Limited Appearance Objecting to the Jurisdiction of the Court over the People and Motion to Dismiss Petition for Relief from Judgment filed on April 10, 2008." The State asserted as the sole basis for dismissal that "[n]one of the appropriate forms of service was utilized by the petitioner." The court set a hearing on the matter for July 11, 2008. On May 5, 2008, the clerk received by certified mail a copy of defendant's petition. The proof of service was identical, except for a handwritten note saying, "must send by certified mail to Clerk to Steven Biagi." (Biagi was the assistant State's Attorney assigned to this case.)

On July 11, 2008, the court dismissed the petition for failure to perfect service. At the hearing, Biagi represented to the court that he had not received a copy of the petition when the clerk received a new copy. This dismissal occurred two days before the end of section 2--1401(c)'s (735 ILCS 5/2--1401(c) (West 2008)) two-year limitations period.

On July 28, 2008, defendant filed a motion for reconsideration. He asserted that he had responded to the State's motion via certified mail, having sent the response on May 2, 2008, to both the State's Attorney and the clerk. The court heard defendant's motion on August 21, 2008. Noting that defendant's May 5, 2008, filing was likely defendant's attempt to respond to the State's objection, the court nevertheless concluded that defendant had done nothing to perfect service; it said that his attempt to respond had simply highlighted his failure to comply with the rules for service. It orally denied defendant's motion. Defendant, on September 30, 2008, moved for leave to file a late notice of appeal, a motion that this court granted.

On appeal, defendant asserts that the court erred in dismissing his petition for improper service. He asserts that the correct remedy for improper service where the flaw in the service is easily remedied is quashing service, not dismissal. We agree.

## II. ANALYSIS

Initially, we note that the parties agree that the order in this matter was final (and appealable) under the rule in People v. Walker, 395 Ill. App. 3d 860 (2009), a case in which we held that the finality of a dismissal is dependent on whether the dismissal prejudices the filer of the dismissed pleading. We agree that the analysis in Walker is applicable here and leads to the conclusion that the order was final.

In Walker, the trial court dismissed a section 2--1401 petition, ruling that it lacked jurisdiction to consider such a petition during the pendency of a related appeal. Walker, 395 Ill. App. 3d at 862-63. The dismissal thus acted as a bar to the refiling of the petition during the pendency of the appeal. After reviewing cases concerning dismissals of ambiguous finality, we held that a dismissal that is a significant barrier to the raising of a claim is a final order, even when it is not a dismissal with prejudice per se. Walker, 395 Ill. App. 3d at 863-66. Because the dismissal in Walker significantly delayed the petitioner's ability to raise a time-sensitive claim, and because it potentially would delay refiling beyond section 2--1401's statute of limitations, the prejudice to the petitioner was sufficient to cause us to treat the dismissal as a final order. Walker, 395 Ill. App. 3d at 866.

The prejudice here is clearer than in Walker. The limitations period expired just two days after the court dismissed defendant's petition, and before the court heard defendant's motion for reconsideration.

We now turn to the merits of the dismissal. The trial court should not have dismissed defendant's section 2--1401 petition for a simple service error. The general remedy for improper service should be the quashing of service. Although the trial court might have discretion to dismiss an improperly served initial pleading, any such discretion was misused here.

The Code and the supreme court rules direct a trial court how to proceed when a party has not achieved proper service of an initial pleading. Two provisions are relevant: Supreme Court Rule 103(b) (Official Reports Advance Sheet No. 13 (June 20, 2007), R. 103(b), eff. July 1, 2007) and section 2--301(a) of the Code (735 ILCS 5/2--301(a) (West 2006)).

Rule 103(b) allows the trial court to dismiss a complaint (or petition) if the plaintiff (or petitioner) has not been diligent in obtaining service on the defendant (or respondent):

"If the plaintiff fails to exercise reasonable diligence to obtain service on a defendant prior to the expiration of the applicable statute of limitations, the action as to that defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service on a defendant occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice as to that defendant only and shall not bar any claim against any other party based on vicarious liability for that dismissed defendant's conduct. The dismissal may be made on the application of any party or on the court's own motion." Official Reports Advance Sheet No. 13 (June 20, 2007), R. 103(b), eff. July 1, 2007.

Section 2--301(a) of the Code provides for either dismissal or quashing of service on the defendant or respondent's motion when service has been improper:

"Prior to the filing of any other pleading or motion other than a motion for an extension of time to answer or otherwise appear, a party may object to the court's jurisdiction

over the party's person, <u>either on the ground that the party is not amenable to process of a court of this State or on the ground of insufficiency of process or insufficiency of service of process</u>, by <u>filing a motion to dismiss the entire proceeding</u> or any cause of action involved in the proceeding <u>or by filing a motion to quash service of process</u>." (Emphases added.) 735 ILCS 5/2--301(a) (West 2006).

Rule 103(b) does not appear to have been the basis for the dismissal, as the State did not mention defendant's diligence in its motion to dismiss. The speed with which the court dismissed the petition also suggests that it used another basis. Moreover, application of this rule would have been error here. Defendant here attempted to correct the service error by sending documents by certified mail. That he misunderstood the requirements does not negate his attempt as an indication of diligence.

More likely, the court dismissed the petition under section 2--301(a). Section 2--301(a) applies in two very different circumstances. The first occurs when the defendant (or respondent) is not amenable to service in Illinois; the case is then effectively over. The second occurs when the plaintiff (or petitioner) has not taken the right steps to obtain jurisdiction over a defendant, despite such steps being possible, in which case the plaintiff need only correct the error.

Read casually, the section seems to suggest that a defendant should have a choice of filing a motion to quash <u>or</u> a motion to dismiss in either circumstance. Further, because the court lacks jurisdiction over a party when service is flawed and that party has not voluntarily submitted itself to the jurisdiction of the court, that party is free to delay bringing the service flaw to the court's attention. See <u>Sarkissian v. Chicago Board of Education</u>, 201 Ill. 2d 95, 104 (2002) (recognizing the right to attack a purported service flaw nine years after the entry of a default judgment). If the choice

between quashing and dismissing were the responding party's, it would always choose dismissal. Moreover, the party might make a strategic choice to wait for the end of any limitations period before seeking dismissal.

That quashing of service exists as a remedy implies that sometimes the court may quash but not dismiss. The logic of the situation implies that, at least in general, a court should quash service when service has been improper, reserving dismissal for those cases where service is impossible.

However, to the extent that the choice between dismissing and quashing is a matter for the discretion of the court, dismissal was an abuse of discretion here. The law favors resolution on the merits, as shown, for instance, by the preference for vacating default judgments when the defaulted party makes a timely request. See, e.g., Venzor v. Carmen's Pizza Corp., 235 Ill. App. 3d 1053, 1056 (1992) (showing that preference). Dismissal for a technical service flaw should be a disfavored option, particularly when a statute of limitations makes a dismissal effectively with prejudice. If a court is to use the disfavored option, it must have some clear reason. The record contains no suggestion of a reason here: there is no history of delay or of abusive filings. Indeed, as we noted, the record suggests a prompt attempt by defendant to correct the service error.

The State argues that, because service requirements are an important due process protection, dismissal is an appropriate sanction for failure to follow those requirements. We disagree. Service requirements ensure that potential defendants have due notice of suits. Where, as here, the party has notice, prophylactic concern for due process is reason to enforce the requirements nonetheless. However, where the service failure is purely technical, this concern is satisfied by enforcing the formalism of requiring service on a party that already has notice. To further punish the error without more reason serves only to reinforce the caricature of the law as a finicking hairsplitter.

## III. CONCLUSION

For the reasons stated, we vacate the order of the trial court dismissing defendant's section 2--1401 petition and remand the matter for further proceedings on the petition.

Vacated and remanded.

O'MALLEY and HUDSON, JJ., concur.