# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Nitz*, 2012 IL App (2d) 091165

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HERMAN L. NITZ, JR., Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-09-1165 |
| Filed | June 18, 2012 |
| Rehearing denied | August 1, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's *sua sponte* dismissal of defendant's petition under section 2-1401 of the Code of Civil Procedure seeking relief from his theft conviction was affirmed with the modification that the dismissal was without prejudice, since there was no proof of service on the State and the State was not given notice of the filing. |
| Decision Under Review | Appeal from the Circuit Court of Du Page County, No. 07-CF-2821; the Hon. George J. Bakalis, Judge, presiding. |
| Judgment | Affirmed as modified. |

Counsel on
Appeal

Thomas A. Lilien and Jack Hildebrand, both of State Appellate Defender's Office, of Elgin, for appellant.

Robert B. Berlin, State's Attorney, of Wheaton (Lawrence M. Bauer and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE ZENOFF delivered the judgment of the court, with opinion.

Justices Hutchinson and Hudson concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Herman L. Nitz, Jr., appeals from the trial court's *sua sponte* dismissal of his petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2008)). We affirm as modified.

¶ 2                              I. BACKGROUND

¶ 3    In November 2008, defendant was convicted of theft (720 ILCS 5/16-1(a) (West 2006)) and sentenced to 12 years' incarceration. An excessive-sentence argument was rejected on direct appeal. *People v. Nitz*, No. 2-09-0178 (2010) (unpublished order under Supreme Court Rule 23).

¶ 4    On September 23, 2009, defendant filed a notarized[1] petition for relief from judgment under section 2-1401, raising numerous issues. In later filings, he raised additional issues, including a claim that he was improperly sentenced as a Class X offender.

¶ 5    Defendant provided a document stating that he had caused the section 2-1401 petition, exhibits, and other supporting documents to be filed with the circuit clerk. In this document, entitled "proof/certificate of service–notice of filing and verification by certification," defendant verified his petition under section 1-109 of the Code (735 ILCS 5/1-109 (West 2008)) but his signature on the document was not notarized. Defendant did not give notice to the State. While defendant's proof of service shows that he mailed the petition to the Du Page County circuit clerk for filing, there is no proof of service on the State.

¶ 6    On October 21, 2009, the matter was taken up by the trial court. An assistant State's Attorney was present but did not participate beyond stating his name. The trial court

---

[1]The State claims in its brief that the petition was "not properly notarized." But the petition bears a notary stamp dated September 10, 2009.

dismissed the petition *sua sponte*, finding that defendant did not present any newly discovered or additional evidence and that the claims were previously addressed during trial and on posttrial motions. The court also found that defendant was properly sentenced as a Class X offender. The court memorialized its findings and decision in a written memorandum. Defendant appeals.

¶ 7                                                    II. ANALYSIS

¶ 8        Defendant's sole contention is that *People v. Laugharn*, 233 Ill. 2d 318 (2009), prohibits the *sua sponte* dismissal of a defendant's section 2-1401 petition before the expiration of the 30-day period in which the State has time to answer,[2] because, until the expiration of that 30-day period, the case is not ripe for adjudication.

¶ 9        Section 2-1401 provides a comprehensive, statutory procedure that allows for the vacatur of a final judgment older than 30 days. *Mills v. McDuffa*, 393 Ill. App. 3d 940, 945 (2009). The petition must be filed not later than two years following the entry of judgment, excluding time during which the petitioner is under a legal disability or duress or the ground for relief is fraudulently concealed. *Mills*, 393 Ill. App. 3d at 945-46. The petition must be filed in the same proceeding in which the judgment was entered, but it is not a continuation of that proceeding. 735 ILCS 5/2-1401(b) (West 2008). The petition must be supported by affidavit or other appropriate showing as to matters not contained in the record. 735 ILCS 5/2-1401(b) (West 2008). All parties to the petition shall be notified as provided by rule. 735 ILCS 5/2-1401(b) (West 2008). The rule referred to in section 2-1401(b) is Illinois Supreme Court Rule 106 (eff. Aug. 1, 1985), which provides that notice of the filing of a section 2-1401 petition shall be given by the same methods provided in Illinois Supreme Court Rule 105 (eff. Jan. 1, 1989) for giving notice of additional relief to parties in default. *Lofendo v. Ozog*, 118 Ill. App. 3d 237, 240 (1983). Rule 105 provides that the notice shall be directed to the party and must be served either by summons, by prepaid certified or registered mail, or by publication. Ill. S. Ct. R. 105 (eff. Jan. 1, 1989). The notice must state that a judgment by default may be taken against the party unless he files an answer or otherwise files an appearance within 30 days after service. Ill. S. Ct. R. 105 (eff. Jan. 1, 1989). In this case, because the trial court dismissed the petition based on the pleading alone, our review is *de novo*. *Mills*, 393 Ill. App. 3d at 947.

¶ 10       We begin our discussion with *People v. Vincent*, 226 Ill. 2d 1 (2007), in which our supreme court framed the issue thusly:

> "The question raised in this case is whether a trial court may dispose of a *properly served* section 2-1401 petition without benefit of responsive pleadings and without giving the petitioner notice of the impending ruling and the opportunity to address the court prior to the ruling." (Emphasis added.) *Vincent*, 226 Ill. 2d at 5.

Proceedings under section 2-1401 are subject to the usual rules of civil practice. *Vincent*, 226

_____

[2]In his brief, defendant argues that a dismissal is premature if it occurs within 30 days of when the petition is filed. This is erroneous, as the 30-day period for the filing of a responsive pleading commences as of the date of service. Ill. S. Ct. R. 105(a) (eff. Jan. 1, 1989).

-3-

Ill. 2d at 8. If the respondent does not answer the petition, it constitutes an admission of all well-pleaded facts, and the trial court may decide the case on the pleadings, affidavits, exhibits, and supporting material before it, including the record of the prior proceedings. *Vincent*, 226 Ill. 2d at 9. The court in *Vincent* held that the State's failure to answer the petition constituted an admission of all well-pleaded facts and "rendered [the defendant's] petition ripe for adjudication." *Vincent*, 226 Ill. 2d at 10.

¶ 11 In *Laugharn*, the principles set forth in *Vincent* were expanded to address the issue of ripeness when a *sua sponte* dismissal occurs before 30 days have passed from the time of service. There, the defendant filed a section 2-1401 petition, and the trial court dismissed it *sua sponte* as untimely filed, but the 30-day period had not expired and the State had not filed an answer. *Laugharn*, 233 Ill. 2d at 323. On appeal, the court held that the dismissal of the petition before the expiration of the 30-day period in which the State could answer was premature. *Laugharn*, 233 Ill. 2d at 323. The court noted that, while *Vincent* allowed for a *sua sponte* dismissal of a section 2-1401 petition, it did not authorize such a dismissal before the expiration of the 30-day period. The court in *Laugharn* thus concluded that the premature dismissal cut short–"short-circuited"–the time in which the State could answer or otherwise plead. *Laugharn*, 233 Ill. 2d at 323.

¶ 12 In the present case, defendant argues without much discussion that this case is identical to *Laugharn* and that we must reverse and remand for further proceedings. We disagree. The crucial fact in this case is that defendant did not give the State notice pursuant to section 2-1401(b). The court in *Vincent* expressly framed the issue with respect to a "properly served section 2-1401 petition." *Vincent*, 226 Ill. 2d at 5. While the court in *Laugharn* did not express that the State had been served, the discussion indicates that it had, because the court noted that the 30-day period for filing an answer does not begin to run until service has occurred. If the State in our case had waived service and appeared, then the *Vincent* and *Laugharn* principles would apply. But no such waiver occurred. Consequently, the 30-day period is irrelevant, because it will never commence. A remand "for further proceedings" would be meaningless, because no "further proceedings" will occur. The State will never answer or move to dismiss, and the State cannot be defaulted, because it was never served. Thus, remand would place the trial court in the position of being able to do nothing while the case remains on its docket permanently.

¶ 13 Here, dismissal was proper, because the trial court did not have before it a proper pleading upon which to grant section 2-1401 relief. Section 2-1401(b) requires that all parties to the petition be given notice. Failure to give notice results in a deficient petition. *Lofendo*, 118 Ill. App. 3d at 240; see *Harris Trust & Savings Bank v. Illinois Fair Plan Ass'n*, 194 Ill. App. 3d 761, 765 (1990) (dismissal is proper where the plaintiff did not comply with either the procedural or the substantive requirements of section 2-1401). While dismissal on the merits in our case was premature, dismissal without prejudice for a deficiency in complying with section 2-1401 was proper, and this court can affirm on any basis we find in the record. *Citgo Petroleum Corp. v. McDermott International, Inc.*, 368 Ill. App. 3d 603, 606 (2006).

¶ 14                                  III. CONCLUSION

¶ 15        The trial court did not err when it dismissed defendant's petition *sua sponte* where the State was not given notice of the filing of the petition; however, the dismissal should have been without prejudice, and we so modify the judgment. Accordingly, the judgment of the circuit court of Du Page County is affirmed as modified.

¶ 16        Affirmed as modified.