# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *People v. Prado*, 2012 IL App (2d) 110767

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARTIN PRADO, Defendant-Appellant. |
| District & No. | Second District<br>Docket No. 2-11-0767 |
| Filed | November 2, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The dismissal of defendant's petition under section 2-1401 of the Code of Civil Procedure was vacated and the cause was remanded for further proceedings, since the *sua sponte* dismissal on the merits was premature in view of defendant's failure to properly serve the petition on the State and the proper disposition was to remand the petition to allow defendant to properly serve the State or permit the trial court to dismiss the case for want of prosecution after a reasonable time. |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 06-CF-1070; the Hon. Timothy Q. Sheldon, Judge, presiding. |
| Judgment | Vacated and remanded. |

Counsel on Appeal

Thomas A. Lilien and Steven E. Wiltgen, both of State Appellate Defender's Office, of Elgin, for appellant.

Joseph H. McMahon, State's Attorney, of St. Charles (Lawrence M. Bauer and Kristin M. Schwind, both of State's Attorneys Appellate Prosecutor's Office, of counsel) for the People.

Panel

JUSTICE McLAREN delivered the judgment of the court, with opinion.
Justices Hutchinson and Burke concurred in the judgment and opinion.

## OPINION

¶ 1   Defendant, Martin Prado, appeals the trial court's *sua sponte* dismissal on the merits of his petition for relief from judgment, filed under section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)). Defendant's petition was not properly served on the State. He contends that, under *People v. Nitz*, 2012 IL App (2d) 091165, ¶¶ 5-6, the trial court acted prematurely and the dismissal should have been without prejudice. We agree that the dismissal was premature. However, we decline to follow *Nitz*, which resulted in a dismissal without prejudice. Instead, we vacate the dismissal and remand for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3   In October 2007, defendant was convicted of two counts of aggravated kidnapping (720 ILCS 5/10-2(a)(1), (a)(3) (West 2006)). We affirmed on appeal. *People v. Prado*, No. 2-08-0774 (2010) (unpublished order under Supreme Court Rule 23). Defendant then filed a section 2-1401 petition. The record is unclear as to when that petition was filed. The proof of service indicated that it was filed on May 13, 2010, and the trial court found that it was filed on that date. However, the petition and its supporting documents were all file-stamped by the circuit clerk on June 10, 2011. The proof of service indicated that the petition was sent by regular mail instead of certified or registered mail. On July 7, 2011, the trial court *sua sponte* dismissed the petition on the merits. Defendant appeals.

¶ 4                                     II. ANALYSIS

¶ 5   Defendant concedes that the petition was not properly served, but he argues that, under *Nitz*, the dismissal should have been without prejudice.

¶ 6   Section 2-1401 provides a comprehensive civil procedure that allows for the vacatur of a final judgment older than 30 days. *Nitz*, 2012 IL App (2d) 091165, ¶ 9. "The petition must

be filed not later than two years following the entry of judgment, excluding time during which the petitioner is under a legal disability or duress or the ground for relief is fraudulently concealed." *Id.* While the petition must be filed in the same proceeding in which the judgment was entered, it is not a continuation of that proceeding. *Id.* (citing 735 ILCS 5/2-1401(b) (West 2008)). "The petition must be supported by affidavit or other appropriate showing as to matters not contained in the record." *Id.* (citing 735 ILCS 5/2-1401(b) (West 2008)). "All parties to the petition shall be notified as provided by rule." *Id.* (citing 735 ILCS 5/2-1401(b) (West 2008)). "The rule referred to in section 2-1401(b) is Illinois Supreme Court Rule 106 (eff. Aug. 1, 1985), which provides that notice of the filing of a section 2-1401 petition shall be given by the same methods provided in Illinois Supreme Court Rule 105 (eff. Jan. 1, 1989) for giving notice of additional relief to parties in default." *Id.* Under Rule 105, the notice shall be directed to the party and must be served either by summons, by prepaid certified or registered mail, or by publication. *Id.*; see Ill. S. Ct. R. 105(b) (eff. Jan. 1, 1989). "The notice must state that a judgment by default may be taken against the party unless he files an answer or otherwise files an appearance within 30 days after service." *Nitz*, 2012 IL App (2d) 091165, ¶ 9 (citing Ill. S. Ct. R. 105 (eff. Jan. 1, 1989)). "[B]ecause the trial court dismissed the petition based on the pleading alone, our review is *de novo*." *Id.*

¶ 7        In *Nitz*, "[w]hile defendant's proof of service show[ed] that he mailed the [section 2-1401] petition to the Du Page County circuit clerk for filing, there [was] no proof of service on the State." *Id.* ¶ 5. The trial court *sua sponte* dismissed the petition on the merits. A panel of this court reasoned that the dismissal was proper, because a failure to give notice results in a deficient pleading. *Id.* ¶ 13. However, dismissal on the merits was premature, because the 30 days for the State to answer had not yet commenced. *Id.* ¶ 12. The panel then determined that a remand for further proceedings would be meaningless, reasoning that no further proceedings would occur, because the State would never answer or move to dismiss, and the court would be unable to take action while the case remained on its docket permanently. *Id.* Thus, the panel concluded that the appropriate action was to dismiss without prejudice for a deficiency in complying with section 2-1401. *Id.* ¶ 13. Accordingly, it affirmed the dismissal, but modified the order to reflect that the dismissal was without prejudice. *Id.* ¶ 15.

¶ 8        Here, we agree that the dismissal was premature. However, we disagree that the proper disposition is to dismiss without prejudice. Instead, we agree with the Fourth District, which recently noted that remanding for further proceedings would not be meaningless or result in the case being permanently set on the trial court's docket. *Powell v. Lewellyn*, 2012 IL App (4th) 110168, ¶ 14.

¶ 9        Contrary to the determination in *Nitz*, if defendant wishes to have his case heard, he can promptly serve the State. *Id.* Otherwise, the trial court has the power to dismiss the case for want of prosecution, after a reasonable period of time. *Id.* Further, the action may be dismissed under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007) if defendant fails to exercise reasonable diligence in serving the State. In any event, an immediate, *sua sponte* dismissal, even without prejudice, is premature. Accordingly, the appropriate disposition is to vacate and remand for further proceedings.

¶ 10        Citing to *People v. Wallace*, 405 Ill. App. 3d 984 (2010), the State argues that the petition

was properly dismissed with prejudice, because defendant attempted to serve it and because judicial efficiency renders modification of the order unnecessary. We disagree.

¶ 11 In *Wallace*, the defendant filed a section 2-1401 petition but did not properly serve it. The State moved to dismiss, and the defendant attempted to cure the problem by responding by certified mail. The trial court dismissed the petition and, on appeal, we held that the trial court should have quashed the service instead of dismissing the petition. *Id.* at 986. We noted that the law favors resolution on the merits and that dismissal for a technical service flaw should be a disfavored option. Thus, if the court is to dismiss, there should be a clear reason for doing so beyond the technical flaw. See *id.* at 988. Because no such clear reason was present in the case, and because the defendant had made a prompt attempt to cure the problem, the trial court abused its discretion when it dismissed the petition. *Id.*

¶ 12 The State argues that, as in *Wallace*, defendant attempted to serve the petition but did so incorrectly. It then argues that the concerns in *Wallace* about adjudication on the merits do not apply, because the record shows that the court here received and fully considered the merits of the petition, making it unnecessary to remand for such a determination. But the State's argument misses the point that a *sua sponte* dismissal on the merits is premature when the State has not been properly served. Should the State wish to make the disposition of cases such as this one more efficient, the best course would be to waive an objection to the defective service. The action could then proceed normally through an adjudication on the merits.

¶ 13                                III. CONCLUSION

¶ 14 The dismissal on the merits was premature. Accordingly, we vacate the judgment of the circuit court of Kane County and remand for further proceedings.

¶ 15 Vacated and remanded.