2015 IL App (2d) 130473
No. 2-13-0473
Opinion filed December 23, 2015

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 05-CF-686 |
| MICHAEL E. NEEDHAM, | ) ) ) | Honorable Susan Clancy Boles, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Presiding Justice Schostok and Justice Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Michael E. Needham, appeals the trial court's *sua sponte* denial of his *pro se* "motion," effectively a petition for relief from judgment filed under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2010)).  Applying *People v. Carter*, 2015 IL 117709, we affirm.

¶ 2                                I. BACKGROUND

¶ 3    In 2006, defendant was convicted of armed violence (720 ILCS 5/33A-2(a) (West 2004)) and two counts of aggravated battery (720 ILCS 5/12-4(a), (b)(1) (West 2004)).  The aggravated-battery convictions were merged into the armed-violence conviction, and defendant was sentenced to 22 years' incarceration.  Defendant appealed, and we affirmed.  *People v. Needham*,

No. 2-06-0327 (2008) (unpublished order under Supreme Court Rule 23). In 2009, defendant filed a postconviction petition alleging that the armed-violence statute violated the proportionate-penalties clause. That petition was summarily dismissed, and we affirmed. *People v. Needham*, 2011 IL App (2d) 100288-U (summary order). After that, defendant filed various documents attempting to obtain a rehearing of the matter.

¶ 4 On February 20, 2013, defendant filed a "Motion: (For/To) Judgement [*sic*] Relief M.S.R.," expressing concern about the imposition of mandatory supervised release (MSR). The motion did not cite section 2-1401, nor did it make any specific legal arguments. Rather, it appeared to contain only short factual recitations. That same day, the court struck the motion because defendant was not granted leave to file it.

¶ 5 On March 4, 2013, defendant filed a motion seeking a ruling on his previously filed documents that sought a rehearing of the dismissal of his postconviction petition. On March 7, 2013, the court struck that motion because defendant was not granted leave to file it and directed the circuit court clerk not to accept further filings from defendant without leave of the court.

¶ 6 On April 3, 2013, defendant filed a "Motion For Leave To File Amended Motion For Petition For Relief of Judgment." In it, defendant specifically cited section 2-1401 and argued that he was not properly admonished about MSR, resulting in an improper sentence. Defendant attached an amended "motion" for relief from judgment and a memorandum of law in which he argued that the addition of MSR to his sentence was void. Defendant attached a certificate of service in which he stated that he placed the documents in institutional mail for mailing through the United States Postal Service. He listed addresses for the clerk of the court and the State's Attorney. The documents were file-stamped by the clerk.

¶ 7    That same day, the court vacated its March 7, 2013, order but wrote: "The defendant is hereby instructed not to file further pleadings without prior leave of the court to do so.  Any pleadings filed in violation of this order will be stricken and sanctions may be imposed."  On April 8, 2013, the matter was assigned to a different judge for further proceedings.

¶ 8    On April 10, 2013, the trial court denied the "motion" in a written order.  The order also recited boilerplate legal propositions concerning the filing of a successive postconviction petition and stated that, "[e]ven if" the pleading were recharacterized as a successive postconviction petition, it would still fail.  Defendant appeals.

¶ 9                                II. ANALYSIS

¶ 10    Defendant argues that, because his section 2-1401 "petition" was not properly served, under *People v. Prado*, 2012 IL App (2d) 110767, the trial court's "dismissal" was premature and the cause must be remanded for further proceedings.  In the alternative, he argues that the trial court improperly recharacterized the pleading as a postconviction petition without giving him notice and an opportunity to respond.

¶ 11    "Section 2-1401 provides a comprehensive civil procedure that allows for the vacatur of a final judgment older than 30 days."  *Id.* ¶ 6.  " 'The petition must be filed not later than two years following the entry of judgment, excluding time during which the petitioner is under a legal disability or duress or the ground for relief is fraudulently concealed.' "  *Id*. (quoting *People v. Nitz*, 2012 IL App (2d) 091165, ¶ 9).  However, a void order may be attacked at any time through a section 2-1401 petition.  *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103-04 (2002).  "While the petition must be filed in the same proceeding in which the judgment was entered, it is not a continuation of that proceeding."  *Prado*, 2012 IL App (2d) 110767, ¶ 6; see 735 ILCS 5/2-1401(b) (West 2012).  "All parties to the petition shall be

notified as provided by rule." *Nitz*, 2012 IL App (2d) 091165, ¶ 9 (citing 735 ILCS 5/2-1401(b) (West 2008)). "The rule referred to in section 2-1401(b) is Illinois Supreme Court Rule 106 (eff. Aug. 1, 1985), which provides that notice of the filing of a section 2-1401 petition shall be given by the same methods provided in Illinois Supreme Court Rule 105 (eff. Jan. 1, 1989) for giving notice of additional relief to parties in default." *Id.* "Rule 105 provides that the notice shall be directed to the party and must be served either by summons, by prepaid certified or registered mail, or by publication." *Id.* (citing Ill. S. Ct. R. 105 (eff. Jan. 1, 1989)). "The notice must state that a judgment by default may be taken against the party unless he files an answer or otherwise files an appearance within 30 days after service." *Id.* (citing Ill. S. Ct. R. 105 (eff. Jan. 1, 1989)). We review *de novo* the dismissal of a section 2-1401 petition. *Id.*

¶ 12    A trial court may properly dismiss a section 2-1401 petition on the merits *sua sponte* and without notice or an opportunity to be heard. *People v. Vincent*, 226 Ill. 2d 1, 11-19 (2007). However, a dismissal on the merits before the State has been properly served is premature. *Prado*, 2012 IL App (2d) 110767, ¶ 9; *Nitz*, 2012 IL App (2d) 091165, ¶ 12. In the case of a premature dismissal, we vacate and remand for further proceedings. *Prado*, 2012 IL App (2d) 110767, ¶ 9.

¶ 13    Although a party can attack a void judgment at any time, a freestanding motion is not a viable method to challenge such a judgment, because it does not initiate an action in which the court has jurisdiction to address it. *People v. Rodriguez*, 355 Ill. App. 3d 290, 293 (2005) (citing *People v. Helgesen*, 347 Ill. App. 3d 672, 675-76 (2004)). "Nevertheless, a trial court may address the motion after construing it as a filing (such as a section 2-1401 petition or a postconviction petition) by which a party may collaterally attack a judgment." *Id.* "Alternatively, if a trial court rendered a judgment on the merits of such a motion, this court too

can give it an appropriate characterization on review." *Id*. For example, we may construe an order denying a motion to vacate a void judgment as the dismissal of a section 2-1401 petition, even though the trial court did not explicitly recharacterize it as such. See *Sarkissian*, 201 Ill. 2d at 99-102.

¶ 14 Here, defendant's February 20, 2013, motion was nothing more than a freestanding motion. Defendant did not cite section 2-1401 in the motion, and he did not argue that a judgment was void. Indeed, he did not make any legal claims. The court did not address the motion on its merits and instead simply struck it because defendant failed to obtain leave of the court to file it. However, defendant's April 3, 2013, motion was in substance a section 2-1401 petition. Defendant specifically cited section 2-1401, included legal propositions related to section 2-1401, and argued that a portion of his sentence was void. Defendant's labeling of the pleading as a motion for leave to amend appears to be defendant's attempt to comply with previous court orders requiring that he obtain leave of the court before filing any pleadings. Accordingly, we construe the motion as a section 2-1401 petition.

¶ 15 The next question then is the effect of the trial court's denial, which, however worded, effectively dismissed the matter on the merits. As previously noted, the *sua sponte* dismissal of a section 2-1401 petition that was never properly served on the State is premature. However, our supreme court recently clarified that, when the defendant claims that deficient service invalidates a *sua sponte* dismissal, the burden is on the defendant to affirmatively show that the State was not given proper notice. *Carter*, 2015 IL 117709, ¶ 24.

¶ 16 In *Carter*, the defendant filed a section 2-1401 petition with a certificate stating that he placed the pleading in institutional mail for mailing through the United States Postal Service. He included addresses for the clerk of the court and the State's Attorney, and the pleading was file-

stamped by the clerk. After the trial court dismissed the petition *sua sponte*, the defendant did not file a postjudgment motion, and the sufficiency of service was never otherwise addressed. On appeal, the First District reversed, holding that the dismissal was premature. *People v. Carter*, 2014 IL App (1st) 122613, ¶ 25. Our supreme court reversed, noting that the record did not affirmatively show that there was deficient service. *Carter*, 2015 IL 117709, ¶ 18. The court held that the defendant's statement that he placed the petition in institutional mail to be transmitted through the United States Postal Service did not establish that it was not sent by certified or registered mail. *Id.* ¶ 20. Thus, without an adequate record, the court presumed that the trial court's order was in conformance with the law. *Id.* ¶ 23. The court stated that it encouraged trial courts to ascertain and note of record the date on which the State was properly served but that "any section 2-1401 petitioner who seeks to use, on appeal, his own error, by way of allegedly deficient service, in an effort to gain reversal of a circuit court's *sua sponte* dismissal of his or her petition on the merits, must affirmatively demonstrate the error via proceedings of record in the circuit court." *Id.* ¶ 25.

¶ 17 Here, *Carter* controls. As in *Carter*, defendant filed a certificate stating that he placed his pleading in institutional mail for transmittal via the United States Postal Service. He did not file a postjudgment motion or otherwise raise the sufficiency of service. Thus, defendant never affirmatively demonstrated deficient service. Accordingly, we presume that the trial court's order was in conformance with the law.

¶ 18 Defendant argues in the alternative that the trial court improperly recharacterized his pleading as a successive postconviction petition without providing notice. See *People v. Pearson*, 216 Ill. 2d 58, 66-67 (2005). The trial court confused the matter by using language pertaining to a postconviction petition. However, it clearly stated that "[e]ven if" the petition

were recharacterized as a successive postconviction petition it would fail. Thus, it is clear that the court did not actually recharacterize the petition as such.

¶ 19                                    III. CONCLUSION

¶ 20    Defendant failed to affirmatively show that service of his petition was deficient. Accordingly, the judgment of the circuit court of Kane County is affirmed. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for this appeal. 55 ILCS 5/4-2002(a) (West 2014); see also *People v. Nicholls*, 71 Ill. 2d 166, 179 (1978).

¶ 21    Affirmed.