2016 IL App (2d) 130350
No. 2-13-0350
Opinion filed January 13, 2016

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Lake County. |
| Plaintiff-Appellee, | ) ) ) | |
| v. | ) ) | No. 03-CF-3023 |
| MARK ZIMMERMAN, | ) ) ) | Honorable Daniel B. Shanes, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Presiding Justice Schostok and Justice Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Mark Zimmerman, appeals the trial court's *sua sponte* dismissal on the merits

of his petition for relief from judgment filed under section 2-1401 of the Code of Civil Procedure

(Code) (735 ILCS 5/2-1401 (West 2010)).  Because the dismissal was premature, we vacate and

remand for further proceedings.

¶ 2                                I. BACKGROUND

¶ 3    In 2010, defendant was convicted of armed violence (720 ILCS 5/33A-2(a) (West 2008))

and sentenced to 16 years' incarceration, which we affirmed on appeal.  *People v. Zimmerman*,

2011 IL App (2d) 100465-U.  On April 30, 2012, defendant filed a petition for relief from

judgment under section 2-1401, alleging that his conviction and sentence were void because of

errors in the indictment and at sentencing. In an application to sue or defend as a poor person, he wrote that he was told that he was supposed to serve the State's Attorney by certified mail, but he asked the court to waive that requirement because of his indigency. The envelope for the mailing to the court is in the record and bears a postal meter cancellation stamp showing that it was sent through first-class mail. No formal appearance or response to the petition was filed by the State.

¶ 4 On May 3, 2012, the matter was on the court call. The trial court noted that the State was present. The court said that a section 2-1401 petition had been filed and that it would review the matter. On June 29, 2012, August 17, 2012, November 30, 2012, and January 11, 2013, the matter was again on the court call, for status. Each time, the court stated that it had the matter under advisement and noted that the State was present. There is nothing to indicate that the State said anything at any of the hearings.

¶ 5 On March 8, 2013, the trial court dismissed the petition on the merits. Defendant appealed, and we held the case in abeyance pending a decision in *People v. Carter*, 2015 IL 117709. In *Carter*, our supreme court clarified that, when the defendant seeks to invalidate a *sua sponte* dismissal in light of defective service, the burden is on the defendant to provide a record affirmatively showing that the State was not given proper notice through certified or registered mail. *Id.* ¶ 24.

¶ 6                                    II. ANALYSIS

¶ 7 Defendant argues that, because the petition was not properly served, under *People v. Prado*, 2012 IL App (2d) 110767, the dismissal was premature and the cause must be remanded for further proceedings. Citing First District cases, the State contends that its presence at the status hearings acted to waive proper service.

¶ 8    "Section 2-1401 provides a comprehensive civil procedure that allows for the vacatur of a final judgment older than 30 days." *Id.* ¶ 6. " 'The petition must be filed not later than two years following the entry of judgment, excluding time during which the petitioner is under a legal disability or duress or the ground for relief is fraudulently concealed.' " *Id.* (quoting *People v. Nitz*, 2012 IL App (2d) 091165, ¶ 9). However, a void order may be attacked at any time through a section 2-1401 petition. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 103-04 (2002). "While the petition must be filed in the same proceeding in which the judgment was entered, it is not a continuation of that proceeding." *Prado*, 2012 IL App (2d) 110767, ¶ 6; see 735 ILCS 5/2-1401(b) (West 2012). "All parties to the petition shall be notified as provided by rule." *Nitz*, 2012 IL App (2d) 091165, ¶ 9 (citing 735 ILCS 5/2-1401(b) (West 2008)). "The rule referred to in section 2-1401(b) is Illinois Supreme Court Rule 106 (eff. Aug. 1, 1985), which provides that notice of the filing of a section 2-1401 petition shall be given by the same methods provided in Illinois Supreme Court Rule 105 (eff. Jan. 1, 1989) for giving notice of additional relief to parties in default." *Id.* "Rule 105 provides that the notice shall be directed to the party and must be served either by summons, by prepaid certified or registered mail, or by publication." *Id.* (citing Ill. S. Ct. R. 105(b) (eff. Jan. 1, 1989)). "The notice must state that a judgment by default may be taken against the party unless he files an answer or otherwise files an appearance within 30 days after service." *Id.* (citing Ill. S. Ct. R. 105 (eff. Jan. 1, 1989)). We review a dismissal of a section 2-1401 petition *de novo*. *Id.*

¶ 9    A trial court may properly dismiss a section 2-1401 petition on the merits *sua sponte* and without notice or an opportunity to be heard. *People v. Vincent*, 226 Ill. 2d 1, 11-19 (2007). However, a dismissal on the merits before the State has been properly served is premature. *Prado*, 2012 IL App (2d) 110767, ¶ 9; *Nitz*, 2012 IL App (2d) 091165, ¶ 12. In the case of a

premature dismissal, we vacate and remand for further proceedings. *Prado*, 2012 IL App (2d) 110767, ¶ 9.

¶ 10    Here, as defendant expressly asked the court to waive the certified-mailing requirement, we deem the record to affirmatively show that the State was not served by certified or registered mail. The State argues that its appearance in court on multiple occasions constituted a waiver of proper service. We rejected such an argument in *People v. Maiden*, 2013 IL App (2d) 120016.

¶ 11    In *Maiden*, the State was not properly served. Instead of filing any motion or response or explicitly waiving service, the State specifically told the court that it did not intend to file anything. We noted that the law no longer allowed for a general appearance, under which being present in court would act to waive objections to personal jurisdiction. *Id*. ¶¶ 23-24. Now, section 2-301(a) of the Code (735 ILCS 5/2-301(a) (West 2010)) contains an explicit waiver provision that is narrower than the prior rule. *Maiden*, 2013 IL App (2d) 120016, ¶ 26. "By its terms, the statute now provides for waiver of an objection based on personal jurisdiction only if the party files a responsive pleading or a motion (other than one seeking an extension of time to answer or otherwise appear) before filing a motion asserting the jurisdictional objection." (Internal quotation marks omitted.) *Id*. (quoting *OneWest Bank, FSB v. Topor*, 2013 IL App (1st) 120010, ¶ 11). "Notably, there is no provision that a general appearance results in waiver." *Id*. As a result, we held that, absent a specific motion, responsive pleading, or explicit statement of a waiver of proper service, the State did not waive an objection to the improper service. Thus, it was not yet in default for failing to answer or otherwise plead, and the 30 days for it to file a responsive pleading never commenced. Accordingly, the trial court acted prematurely when it dismissed the petition. *Id*. ¶ 27.

¶ 12    Here, the State never entered a specific motion, responsive pleading, or explicit waiver of service.  Thus, under *Maiden*, the dismissal was premature.  The State, however, asks this court to reconsider *Maiden* and instead adopt the view of the First District in *People v. Ocon*, 2014 IL App (1st) 120912.

¶ 13    In *Ocon*, the State was not properly served.  The State was present when the trial court stated that a section 2-1401 petition had been filed.  The court dismissed the petition on the merits, and the State maintained on appeal that it waived any objection to the lack of jurisdiction and submitted to the court's jurisdiction by remaining silent during the proceedings.  *Id.* ¶¶ 15, 19.  The First District held that the dismissal was proper, finding that the State had actual notice of the petition and that a formal waiver by the State was not required.  *Id.* ¶ 41.  The *Ocon* court acknowledged *Maiden* but explicitly disagreed with its interpretation of section 2-301, stating that section 2-301 is permissive in that it allows a party to object to personal jurisdiction at any time prior to filing a responsive pleading or substantive motion and that nothing in section 2-301 requires a party to affirmatively file a formal waiver.  *Id.* ¶¶ 39-40.

¶ 14    However, after *Ocon* was decided, our supreme court, interpreting section 2-301 in another context, looked to the legislative history of the amendment.  In doing so, the court noted the previous distinction between general and special appearances and noted legislative remarks that the amendment to section 2-301 was a " '*cleanup*,' " which was " '*designed to prevent an unknowing waiver*.' "  (Emphases in original.)  *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 39 (quoting 91st Ill. Gen. Assem., Senate Proceedings, Mar. 11, 1999, at 42-43 (statements of Senator Hawkinson)).  The court stated that the distinction between the types of appearances created confusion and the potential for inadvertent waivers of objections to personal jurisdiction.  *Id.* ¶ 40.  Thus, the court stated, the amendment to section 2-301 eliminated the

distinction between general and special appearances and "was intended to provide additional protection of a defendant's right to assert an objection to the court's personal jurisdiction by preventing unknowing waiver." *Id*. ¶¶ 40, 42 (citing 735 ILCS 5/2-301(a) (West 2010)). Further, another panel of the First District has distinguished *Ocon* and indicated disagreement with its reasoning. *People v. Carter*, 2014 IL App (1st) 122613, ¶ 26, *rev'd on other grounds*, 2015 IL 117709, ¶¶ 25-26.

¶ 15   We continue to apply *Maiden*. First, as *Maiden* noted, the provision concerning a general appearance has been removed from section 2-301. In its place, that section now states that a party may object to insufficient service by filing a motion to dismiss or to quash the service. 735 ILCS 5/2-301(a) (West 2010). If a party files a responsive pleading or substantive motion, it then waives all objections to personal jurisdiction. 735 ILCS 5/2-301(a-5) (West 2010). While, as *Ocon* noted, the provision is permissive, *Ocon* ignored the amendment removing the effect of a general appearance, which was done in order to prevent an unknowing waiver. Numerous assumptions can be made about the State's silence that would not amount to a waiver of an objection to the improper service. Allowing the State's mere presence in court to amount to a waiver would contradict the purpose of removing the general-appearance provision from section 2-301. Thus, under *Maiden*, absent a specific motion, responsive pleading, or explicit statement of a waiver of service, the State does not waive an objection to improper service. No such waiver occurred here. Accordingly, the State was not yet in default for failing to answer or otherwise plead, the 30 days for it to file a responsive pleading never commenced, and the trial court dismissed the petition prematurely.

¶ 16   We note that there is nothing to prevent a trial court from asking the State on the record whether it is willing to waive service. If so, the State, in open court, could affirmatively accept

the improper service or waive proper service. Thereafter, upon the State's timely filing of a response, or otherwise upon the expiration of the 30 days for such filing, the trial court could rule on the merits of the section 2-1401 petition.

¶ 17                                      III. CONCLUSION

¶ 18    The trial court prematurely dismissed the petition. Accordingly, the judgment of the circuit court of Lake County is vacated and we remand for further proceedings.

¶ 19    Vacated and remanded.