2016 IL App (2d) 130473
No. 2-13-0473
Opinion filed March 11, 2016

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 05-CF-686 |
| MICHAEL E. NEEDHAM, | ) ) ) | Honorable Susan Clancy Boles, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Presiding Justice Schostok and Justice Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant, Michael E. Needham, appeals the trial court's *sua sponte* dismissal of his *pro se* motion, effectively a petition for relief from judgment filed under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2012)).  Defendant contends that, under *People v. Prado*, 2012 IL App (2d) 110767, the dismissal was premature because he never sufficiently served his petition on the State.  In the alternative, defendant argues that, under *People v. Laugharn*, 233 Ill. 2d 318 (2009), the dismissal was premature because it occurred before the expiration of the State's 30 days to answer or otherwise plead.  Applying *People v. Carter*, 2015 IL 117709, we determine that defendant failed to show deficient service of the petition.  However, we agree that *Laugharn* applies.  Accordingly, we vacate and remand.

¶ 2                                    I. BACKGROUND

¶ 3     In 2006, defendant was convicted of armed violence (720 ILCS 5/33A-2(a) (West 2004)) and two counts of aggravated battery (720 ILCS 5/12-4(a), (b)(1) (West 2004)). The aggravated-battery convictions were merged into the armed-violence conviction, and defendant was sentenced to 22 years' incarceration. Defendant appealed, and we affirmed. *People v. Needham*, No. 2-06-0327 (2008) (unpublished order under Supreme Court Rule 23). In 2009, defendant filed a postconviction petition alleging that the armed-violence statute violated the proportionate-penalties clause. That petition was summarily dismissed, and we affirmed. *People v. Needham*, 2011 IL App (2d) 100288-U (summary order). After that, defendant filed various documents attempting to obtain a rehearing of the matter.

¶ 4     On February 20, 2013, defendant filed a "Motion: (For/To) Judgement [*sic*] Relief M.S.R.," expressing concern about the imposition of mandatory supervised release (MSR). The motion did not cite section 2-1401, nor did it make any specific legal arguments. Rather, it appeared to contain only short factual recitations. That same day, the court struck the motion because defendant was not granted leave to file it.

¶ 5     On March 4, 2013, defendant filed a motion seeking a ruling on his previously filed documents that sought a rehearing of his postconviction petition. On March 7, 2013, the court struck that motion, because defendant was not granted leave to file it, and directed the circuit court clerk not to accept further filings from defendant without leave of the court.

¶ 6     On April 3, 2013, defendant filed a "Motion For Leave To File Amended Motion For Petition For Relief of Judgment." In it, defendant specifically cited section 2-1401 and argued that he was not properly admonished about MSR, resulting in an improper sentence. Defendant attached an amended "motion" for relief from judgment and a memorandum of law in which he

argued that the addition of MSR to his sentence was void. Defendant attached a certificate of service in which he stated that he placed the documents in the institutional mail for mailing through the United States Postal Service. He listed addresses for the clerk of the court and the State's Attorney. The documents were file-stamped by the clerk.

¶ 7　　That same day, the court vacated its March 7, 2013, order but wrote: "The defendant is hereby instructed not to file further pleadings without prior leave of the court to do so. Any pleadings filed in violation of this order will be stricken and sanctions may be imposed." On April 8, 2013, the matter was assigned to a different judge for further proceedings.

¶ 8　　On April 10, 2013, the trial court "denied" the "motion" in a written order. The order also recited boilerplate legal propositions concerning the filing of a successive postconviction petition and stated that, "[e]ven if" the pleading were recharacterized as a successive postconviction petition, it would still fail. Defendant appeals.

¶ 9　　　　　　　　　　　　　　II. ANALYSIS

¶ 10　　Defendant argues that, because his section 2-1401 "petition" was not properly served, the trial court's "dismissal" was premature under *Prado*. Alternatively, he argues that, because the State's 30 days to answer or otherwise plead had not expired, the dismissal was premature under *Laugharn*. Also in the alternative, he argues that the trial court improperly recharacterized the pleading as a postconviction petition without giving him notice and an opportunity to respond.

¶ 11　　"Section 2-1401 provides a comprehensive civil procedure that allows for the vacatur of a final judgment older than 30 days." *Prado*, 2012 IL App (2d) 110767, ¶ 6. " 'The petition must be filed not later than two years following the entry of judgment, excluding time during which the petitioner is under a legal disability or duress or the ground for relief is fraudulently concealed.' " *Id.* (quoting *People v. Nitz*, 2012 IL App (2d) 091165, ¶ 9). However, a void order

may be attacked at any time through a section 2-1401 petition. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104 (2002). "While the petition must be filed in the same proceeding in which the judgment was entered, it is not a continuation of that proceeding." *Prado*, 2012 IL App (2d) 110767, ¶ 6; see 735 ILCS 5/2-1401(b) (West 2012). "All parties to the petition shall be notified as provided by rule." *Nitz*, 2012 IL App (2d) 091165, ¶ 9 (citing 735 ILCS 5/2-1401(b) (West 2008)). "The rule referred to in section 2-1401(b) is Illinois Supreme Court Rule 106 (eff. Aug. 1, 1985), which provides that notice of the filing of a section 2-1401 petition shall be given by the same methods provided in Illinois Supreme Court Rule 105 (eff. Jan. 1, 1989) for giving notice of additional relief to parties in default." *Id.* "Rule 105 provides that the notice shall be directed to the party and must be served either by summons, by prepaid certified or registered mail, or by publication." *Id.* (citing Ill. S. Ct. R. 105 (eff. Jan. 1, 1989)). "The notice must state that a judgment by default may be taken against the party unless he files an answer or otherwise files an appearance within 30 days after service." *Id.* (citing Ill. S. Ct. R. 105 (eff. Jan. 1, 1989)). We review *de novo* the dismissal of a section 2-1401 petition. *Id.*

¶ 12 A trial court may properly dismiss a section 2-1401 petition on the merits *sua sponte* and without notice or an opportunity to be heard. *People v. Vincent*, 226 Ill. 2d 1, 11-19 (2007). However, a dismissal on the merits before the State has been properly served is premature. *Prado*, 2012 IL App (2d) 110767, ¶ 9; *Nitz*, 2012 IL App (2d) 091165, ¶ 12. If the State has been properly served, a dismissal before the 30 days in which it may answer or otherwise plead is premature. *Laugharn*, 233 Ill. 2d at 323. In the case of a premature dismissal, we vacate and remand for further proceedings. *Id.* at 324; *Prado*, 2012 IL App (2d) 110767, ¶ 9.

¶ 13 Although a party can attack a void judgment at any time, a freestanding motion is not a viable method to challenge such a judgment, because it does not initiate an action in which the

court has jurisdiction to address it. *People v. Rodriguez*, 355 Ill. App. 3d 290, 293 (2005) (citing *People v. Helgesen*, 347 Ill. App. 3d 672, 675-76 (2004)). "Nevertheless, a trial court may address the motion after construing it as a filing (such as a section 2-1401 petition or a postconviction petition) by which a party may collaterally attack a judgment." *Id*. "Alternatively, if a trial court rendered a judgment on the merits of such a motion, this court too can give it an appropriate characterization on review." *Id*. For example, we may construe an order denying a motion to vacate a void judgment as the dismissal of a section 2-1401 petition, even though the trial court did not explicitly recharacterize it as such. See *Sarkissian*, 201 Ill. 2d at 99-102.

¶ 14 Here, defendant's February 20, 2013, motion was nothing more than a freestanding motion. Defendant did not cite section 2-1401 in the motion, and he did not argue that a judgment was void. Indeed, he did not make any legal claims. The court did not address the motion on its merits and instead simply struck it because defendant failed to obtain leave of the court to file it. However, defendant's April 3, 2013, motion was in substance a section 2-1401 petition. Defendant specifically cited section 2-1401, included legal propositions related to section 2-1401, and argued that a portion of his sentence was void. Defendant's labeling of the pleading as a motion for leave to amend appears to have been defendant's attempt to comply with previous court orders requiring that he obtain leave of the court before filing any pleadings. Accordingly, we construe the motion as a section 2-1401 petition.

¶ 15 We note that defendant also argues that the trial court improperly recharacterized his pleading as a successive postconviction petition without providing notice. See *People v. Pearson*, 216 Ill. 2d 58, 66-67 (2005). The trial court confused the matter by using language pertaining to a postconviction petition. However, it clearly stated that, "[e]ven if" the petition

were recharacterized as a successive postconviction petition, it would fail. Thus, it is clear that the court did not actually recharacterize the petition as such. Accordingly, we review the matter as the *sua sponte* dismissal of a section 2-1401 petition.

¶ 16    The next question then is the validity of the trial court's ruling, which, however worded, effectively dismissed the section 2-1401 petition on the merits. As previously noted, the *sua sponte* dismissal on the merits of a section 2-1401 petition that was never properly served on the State is premature. However, our supreme court recently clarified that, when the defendant claims that improper service invalidates a *sua sponte* dismissal, the burden is on the defendant to affirmatively show that the State was not properly served. *Carter*, 2015 IL 117709, ¶ 24.

¶ 17    In *Carter*, the defendant filed a section 2-1401 petition with a certificate stating that he placed the pleading in the institutional mail for mailing through the United States Postal Service. He included addresses for the clerk of the court and the State's Attorney, and the pleading was file-stamped by the clerk. More than 30 days later, the trial court dismissed the petition on the merits *sua sponte*. The defendant did not file a postjudgment motion, and the sufficiency of service was never otherwise addressed. On appeal, the First District vacated and remanded, holding that the dismissal was premature under *Prado*. *People v. Carter*, 2014 IL App (1st) 122613, ¶ 25. Our supreme court reversed, noting that the record did not affirmatively show that there was deficient service. *Carter*, 2015 IL 117709, ¶ 18. The court held that the defendant's statement that he placed the petition in the institutional mail to be transmitted through the United States Postal Service did not establish that it was not sent by certified or registered mail. *Id*. ¶ 20. Thus, without an adequate record, the court presumed that the trial court's order was in conformance with the law. *Id*. ¶ 23. The court stated that it encouraged trial courts to ascertain and note of record the date on which the State was properly served but that "any section 2-1401

petitioner who seeks to use, on appeal, his own error, by way of allegedly defective service, in an effort to gain reversal of a circuit court's *sua sponte* dismissal of his or her petition on the merits, must affirmatively demonstrate the error via proceedings of record in the circuit court." *Id*. ¶ 25.

¶ 18    Here, as to the issue of whether defendant failed to properly serve the State**,** *Carter* controls.  As in *Carter*, defendant filed a certificate stating that he placed his pleading in the institutional mail for transmittal via the United States Postal Service.  He did not file a postjudgment motion after the dismissal.  As a result, defendant never affirmatively demonstrated insufficient service.  Accordingly, on the issue of service, we presume *that the State was properly served* and thus the trial court's order was in conformance with the law.  However, the trial court dismissed the petition less than 30 days following the date on which such service would have occurred.  We therefore agree that the dismissal was premature under *Laugharn*.

¶ 19    In *Laugharn*, our supreme court made clear that a trial court is not authorized to dismiss a properly served section 2-1401 petition *sua sponte* before the expiration of the 30-day period in which the State may file an answer or other pleading.  *Laugharn*, 233 Ill. 2d at 323.  After 30 days has passed, the State's failure to respond would result in an admission of all well-pleaded facts and the petition would then be ripe for adjudication.  *Id*.

¶ 20    The State suggests that *Carter* also applies to this issue and precludes a remand.  But *Carter* focused solely on the issue of the necessity to show improper service.  Once the defendant failed to do so, the court was able to affirm the dismissal, because the dismissal was otherwise timely.  Here, however, defendant's failure to show improper service, and the resulting assumption that service was proper, require us to vacate the dismissal as premature under *Laugharn.*

¶ 21 That said, we acknowledge that the proceedings on remand could reveal that, in fact, the State was *not* properly served. In that event, the State could affirmatively waive proper service. Thereafter, upon the State's timely filing of a response, or otherwise upon the expiration of the 30 days for such filing, the trial court could rule on the merits of the petition. Defendant then could contest an adverse ruling by filing a postjudgment motion. See *Vincent*, 226 Ill. 2d at 13. Thus, we stress that it is incumbent on trial courts to timely send defendants notice of such rulings.

¶ 22 If it is revealed that the State was not properly served, and the State does *not* waive proper service, the trial court should proceed under *Prado*. After a reasonable time, the trial court may dismiss defendant's petition for want of prosecution. *Prado*, 2012 IL App (2d) 110767, ¶ 9. Alternatively, if defendant has failed to exercise reasonable diligence in effecting proper service, the trial court may dismiss his petition under Illinois Supreme Court Rule 103(b) (eff. July 1, 2007). *Prado*, 2012 IL App (2d) 110767, ¶ 9.

¶ 23                                        III. CONCLUSION

¶ 24 The judgment of the circuit court of Kane County is vacated, and the cause is remanded for further proceedings.

¶ 25 Vacated and remanded.