NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 231559-U

NO. 4-23-1559

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Winnebago County |
| JUAN BARRADAS-FERRAL, | ) | No. 15CF661 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | John S. Lowry, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Grischow concurred in the judgment.

**ORDER**

¶ 1    *Held*: The motion of the Office of the State Appellate Defender to withdraw as defendant's appellate counsel is granted, and the trial court's dismissal of defendant's petition for relief from judgment is affirmed.

¶ 2    Defendant, Juan Barradas-Ferral, appeals from the dismissal of his petition for relief from judgment under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2022)). The petition also invoked article X of the Code (735 ILCS 5/art. X (West 2022)), which provides for *habeas corpus* proceedings. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant. OSAD has now moved to withdraw as counsel on the ground no issue of arguable merit can be raised in this appeal. We grant OSAD's motion and affirm the trial court's judgment.

¶ 3                    I. BACKGROUND

¶ 4            A. Defendant's Indictment, Guilty Plea, and Plea Withdrawal

¶ 5    Defendant was indicted on two counts of aggravated criminal sexual abuse (720 ILCS 5/11-1.60(c)(1)(i) (West 2014)). Defendant was also indicted on four counts of predatory criminal sexual assault of a child (720 ILCS 5/11-1.40(a)(1) (West 2014)), which was incorrectly cited in the indictment as 720 ILCS 5/11-1.4(a)(1).

¶ 6    In October 2016, defendant entered a partially negotiated guilty plea; he agreed to plead guilty to one count of aggravated criminal sexual abuse and two counts of predatory criminal sexual assault of a child. The State agreed to dismiss the remaining charges. In April 2017, the trial court granted defendant's motion to withdraw his guilty plea, based largely on its own recollection of defendant's reluctance and uncertainty in accepting the agreement and his lack of time to consult with counsel and family members before the State's offer expired.

¶ 7    B. Defendant's Waiver of Counsel, Jury Waiver, and Bench Trial

¶ 8    In November 2017, defendant waived both his right to counsel and his right to a jury trial. The trial court announced its decision in defendant's bench trial in February 2018, finding defendant guilty of one count of aggravated criminal sexual abuse and four counts of predatory criminal sexual assault of a child.

¶ 9    C. Sentencing

¶ 10    Defendant's sentencing hearing took place on March 26, 2019. The trial court sentenced defendant the next day. In its oral ruling, it stated:

> "[A]s for Count 1, [aggravated criminal sexual abuse], the Court sentences the defendant to three years Department of Corrections followed by two years mandatory supervised release. *** The sentence on Count 1 shall run consecutive

to the sentences for Counts 3, 4, 5 and 6, predatory criminal sexual assault [of a child] ***. Counts 3, 4, 5 and 6 are consecutive to each other.

For each of the Counts 3, 4, 5 and 6, the Court sentences the defendant *** to eight years Department of Corrections. That's eight years to run consecutive."

Contrary to the court's oral pronouncement, the written sentencing order (mittimus) stated the first aggravated criminal sexual abuse sentence was to be consecutive to the other sentences, but the remaining sentences were to be concurrent with one another.

¶ 11      Defendant appealed. However, the appeal was dismissed on his motion.

¶ 12                    D. The State's Motion to Correct the Mittimus

¶ 13      In December 2021, the State filed a "Motion to Correct Mittimus." It asked the trial court to modify the sentencing order to conform to section 5-8-4(d) of the Unified Code of Corrections (730 ILCS 5/5-8-4(d) (West 2014)), which mandates consecutive sentences for convictions of predatory criminal sexual assault of a child. It also asked the court to correct an obvious typographical error occurring in a statutory citation in the mittimus.

¶ 14      Defendant, although represented, filed a *pro se* motion to strike the State's motion, asserting, among other things, the trial court lacked jurisdiction to alter his sentence. However, the State and defense counsel agreed the court had pronounced a sentence consistent with section 5-8-4(d); the error was present only in the mittimus. They therefore agreed the State was seeking to correct the mittimus to conform to the judgment, not to alter defendant's sentence.

¶ 15      The trial court heard the State's motion on May 12, 2023. At the hearing, defense counsel argued the court lacked a statutory basis for making the sentence for count I (aggravated criminal sexual abuse) consecutive to the sentences for predatory criminal sexual assault of a child. He thus asked the court to make the count I sentence concurrent to the other sentences.

¶ 16    On May 25, 2023, the trial court filed a corrected mittimus. It granted defense counsel's request to make the count I (predatory criminal sexual assault) sentence *concurrent* to the other sentences. It further granted the State's request conform the sentences for predatory criminal sexual assault of a child to the court's pronouncement by making them consecutive to one another.

¶ 17    Defendant appealed. On March 22, 2024, we held the trial court had jurisdiction to correct the clerical errors in the mittimus but not the alleged substantive error. *People v. Barradas-Ferral*, 2024 IL App (4th) 230466-U, ¶¶ 11-15. We reasoned, "Illinois Supreme Court Rule 472(a)(4) (eff. May 17, 2019) provides the circuit court retains jurisdiction to correct '[c]lerical errors in the written sentencing order or other part of the record resulting in a discrepancy between the record and the actual judgment of the court' "; the court thus had jurisdiction to change the written sentencing order—the mittimus—to conform to the sentence the court pronounced. *Barradas-Ferral*, 2024 IL App (4th) 230466-U, ¶¶ 12-13. We further held the court's change to the count I sentence was not consistent with the sentence it pronounced, so the modification of the mittimus to make the count I sentence concurrent was not within its jurisdiction. *Barradas-Ferral*, 2024 IL App (4th) 230466-U, ¶ 14.

¶ 18    E. Defendant's Section 2-1401 Petition

¶ 19    On April 12, 2023—before the trial court decided the State's motion to correct the mittimus—defendant filed a "motion" under section 2-1401 of the Code and "735 ILCS 5/10-101" (the first section of Article X of the Code, which provides for *habeas corpus* proceedings). He asserted the sentences "entered as Counts 3, 4, 5 and 6" were "[v]oid because [they] are in Violation of Statutory requirements and are based on a facially Unconstitutional Statute." In support of this, defendant cited what seems to be *People v. Breeden*, 2014 IL App (4th) 121049,

23 N.E.3d 1260 (vacated for reconsideration in light of *People v. Castleberry*, 2015 IL 116916, 43 N.E.3d 932). Defendant further claimed the statutes under which the sentences were "entered In the decree of Judgment" were "misleading and Unconstitutional" and violated defendant's due process rights because they led him to believe the court "had the Power and authority to the render the Judgment reflected In the decree on March/26/19." Defendant also asserted appellate counsel was ineffective for encouraging him to dismiss his appeal.

¶ 20        The trial court denied defendant's request for appointment of counsel, ruling a section 2-1401 petition is a civil matter, such that no right to counsel was applicable.

¶ 21        On July 26, 2023, defendant filed a motion seeking a judgment of default against the State on his petition, and the State filed document entitled "State's Response and Motion to Dismiss 735 ILCS 2/1401 Petition and Dism[i]ss Motion for Default Judgment." On September 27, 2023, defendant argued his petition was one attacking the judgment of March 26, 2019, *i.e.*, the original mittimus. He also argued that the State filed its motion and response more than 30 days after he filed his petition, so the State's filing was untimely.

¶ 22        On November 15, 2023, the trial court struck the State's "Response and Motion to Dismiss" as untimely. It noted defendant's service of the petition was technically deficient: Illinois Supreme Court Rule 105 (eff. Jan. 1, 2018) requires (at a minimum) a section 2-1401 petition be served by certified mail, but defendant had served his petition on the State by regular mail. However, it ruled the State had waived the requirement for service by certified mail. It further *sua sponte* dismissed defendant's petition. It ruled defendant's petition relied on the former void sentence rule, under which a sentence which failed to comply with statutory requirements was void. It noted that doctrine was abolished by our supreme court in *Castleberry*. It therefore concluded the petition lacked any legal basis. It further noted defendant filed his petition 43 days

before the it entered the corrected mittimus, which it ruled to be the final judgment in the case. It therefore ruled defendant's petition was "premature and thus void."

¶ 23     This appeal followed.

¶ 24                    II. ANALYSIS

¶ 25     OSAD has filed a motion to withdraw as counsel and a supporting brief in compliance with *Pennsylvania v. Finley*, 481 U.S. 551 (1987). It states it considered challenging either the procedure by which the trial court addressed defendant's motion or the merits of its disposition. It concludes no meritorious claim could be based on either of these potential issues. OSAD has provided defendant a copy of its motion and supporting memorandum. This court granted defendant until August 19, 2024, to respond to OSAD's motion. Defendant has not responded. For the reasons which follow, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 26                    A. Procedure

¶ 27     OSAD argues there would be no merit to any claim we should reverse the dismissal of defendant's petition based on an error of procedure in the trial court. We agree. The court's dismissal of defendant's petition was consistent with the rules governing civil pleadings.

¶ 28     "[A]ctions pursuant to section 2-1401 are civil proceedings and are to be litigated in accordance with the usual rules of civil procedure." *People v. Vincent*, 226 Ill. 2d 1, 11, 871 N.E.2d 17, 25 (2007). Similarly, a *habeas corpus* action is a civil proceeding. *Alexander v. Pearson*, 354 Ill. App. 3d 643, 645, 821 N.E.2d 728, 731 (2004).

¶ 29     In *Vincent*, our supreme court concluded principles of civil procedure allow a trial court to *sua sponte* dismiss a section 2-1401 petition on the merits; it need not provide the petitioner with notice or an opportunity to be heard. *People v. Needham*, 2016 IL App (2d) 130473,

¶ 12, 48 N.E.3d 900 (summarizing *Vincent*, 226 Ill. 2d at 11-19). However, a court cannot dismiss a petition during the 30 days in which the respondent has an opportunity to plead or otherwise respond. *Needham*, 2016 IL App (2d) 130473, ¶ 12, From this, it follows, "a dismissal on the merits before the State has been properly served is premature." *Needham*, 2016 IL App (2d) 130473, ¶ 12. However, a petitioner is estopped from arguing on appeal a *sua sponte* dismissal was improper based on their own failure to properly serve the State. *People v. Matthews*, 2016 IL 118114, ¶ 14, 76 N.E.3d 1233. Because a *habeas corpus* action is also a civil action, the same principles apply to *habeas corpus* complaints. See *Vincent*, 226 Ill. 2d at 9-11 (setting out the civil basis for *sua sponte* dismissal of a section 2-1401 petition).

¶ 30        "There is no statutory basis for the appointment of counsel in a section 2-1401 proceeding," nor is the appointment of counsel expressly prohibited. *People v. Kane*, 2013 IL App (2d) 110594, ¶ 21, 5 N.E.3d 737. Similarly, the portion of the Code relating to *habeas corpus* (735 ILCS 5/10-101 *et seq.* (West 2002)) lacks provisions for the appointment of counsel, "and it is a long-established principle that there is no right to appointed counsel in a *habeas corpus* proceeding due to its civil nature. *Alexander*, 354 Ill. App. 3d at 645.

¶ 31        The trial court's handling of defendant's petition was consistent with these principles. The court could properly deny defendant counsel for both a *habeas corpus* complaint (*Alexander*, 354 Ill. App. 3d at 645) or a section 2-1401 petition (*Kane*, 2013 IL App (2d) 110594, ¶ 21). The court's *sua sponte* dismissal of defendant's petition was not premature. As the court noted, the State failed to timely file an answer or otherwise plead, and, under *Matthews*, 2016 IL 118114, ¶ 14, defendant is estopped on appeal from asserting improper service as a basis for arguing a *sua sponte* dismissal was premature. Finally, the court dismissed the petition on two bases: (1) on the merits, the petition did not set out a voidness claim and (2) procedurally, the

petition was premature. Under *Vincent*, a *sua sponte* dismissal is proper if it is on the merits. *Needham*, 2016 IL App (2d) 130473, ¶ 12. The court ruled defendant had failed to set out a viable claim of a void judgment as one of the bases for dismissing his petition. Consistent with the requirements of *Vincent*, this was a ruling on the merits. That the court's second ruling was arguably based on a procedural error does not negate its first ruling.

¶ 32                                    B. The Merits

¶ 33          OSAD argues it could not make a meritorious argument the trial court erred in dismissing defendant's petition for lack of a legal basis. We agree.

¶ 34          First, much of defendant's petition relied on the void sentence rule, which our supreme court abolished in *Castleberry*. Prior to *Castleberry*, the rule was, "A sentence which does not conform to a statutory requirement is void." *People v. Arna*, 168 Ill. 2d 107, 113, 658 N.E.2d 445, 448 (1995). But, as the trial court indicated, the *Castleberry* court abolished this rule in 2015, holding it was inconsistent with modern principles of jurisdiction. *Castleberry*, 2015 IL 116916, ¶¶ 11-19.

¶ 35          Second, defendant claimed his sentences were void because the applicable sentencing statutes were void *ab initio*. His petition did not contain a coherent argument for this position.

¶ 36          A statute is void *ab initio* only if it is facially unconstitutional, and a judgment entered under such a statute is without effect. *People v. Holmes*, 2017 IL 120407, ¶ 12, 90 N.E.3d 412. "A statute is facially unconstitutional only if there are no circumstances in which the statute could be validly applied"; thus, "[t]he fact that the statute could be found unconstitutional under some set of circumstances does not establish the facial invalidity of the statute." *People v. Davis*, 2014 IL 115595, ¶ 25, 6 N.E.3d 709.

¶ 37 Defendant's petition asserted the sentencing laws at issue misled him such that he suffered a due-process violation. His petition did not explain why any relevant sentencing statute would be invalid in every circumstance. Thus, it would be frivolous to argue defendant's petition stated a potentially meritorious voidness claim based on a facially unconstitutional statute. Moreover, no court has found any of the statutes under which defendant was sentenced to be facially unconstitutional.

¶ 38 Finally, defendant attempted to raise an ineffective-assistance-of-appellate-counsel claim in his petition. Criminal defendants may not raise ineffective-assistance-of-counsel claims under section 2-1401. See *People v. Lawton*, 212 Ill. 2d 285, 296-98, 818 N.E.2d 326, 333-34 (2004) (in which the supreme court explained its rationale for continuing to hold section 2-1401 petitions are not a vehicle for criminal defendants' ineffective-assistance-of-counsel claims while allowing inmates incarcerated as sexually dangerous persons to raise ineffective-assistance-of-counsel claims under section 2-1401).

¶ 39 Further, a defendant cannot use a *habeas corpus* complaint as a vehicle to raise an ineffective-assistance-of-counsel claim.

> "*Habeas corpus* provides relief only on the grounds specified in [the enabling statute] [citation]. [Citations.] It is well established that an order of *habeas corpus* is available only to obtain the release of a prisoner who has been incarcerated under a judgment of a court that lacked jurisdiction of the subject matter or the person of the petitioner, or where there has been some occurrence subsequent to the prisoner's conviction that entitles him to release." *Beacham v. Walker*, 231 Ill. 2d 51, 58, 896 N.E.2d 327, 331-32 (2008).

The effectiveness of counsel has no relationship to a court's jurisdiction. Moreover, although defendant could be taken to argue his having effective counsel would have made him eligible for release from prison, he cannot argue any event *subsequent to his conviction* would entitle him to release. Thus, if OSAD attempted to argue his petition, taken as a *habeas corpus* complaint, had potential merit, that argument would be frivolous.

¶ 40                                  III. CONCLUSION

¶ 41        For the reasons stated, we conclude there are no issues of arguable merit defendant can raise in this appeal. Accordingly, we grant OSAD's motion to withdraw and affirm the trial court's judgment.

¶ 42        Affirmed.